LINCOLN TRACTION COMPANY v. WILLIAM H. BROOKOVER.*

FILED OCTOBER 4, 1906.   No. 14,283.

1. Carriers: NEGLIGENCE: BURDEN OF PROOF. In an action for damages against a street railway company for a personal injury caused by the alleged negligent starting of one of its cars when the plaintiff, a passenger, was in the act of alighting, the defense being a general or special denial, the burden of proof never shifts, but remains with the plaintiff to prove that the injury was received substantially as alleged.

2. ———: ———: INSTRUCTION. When, in an action for damages for a personal injury inflicted while the plaintiff, a passenger, was in the act of alighting from a street railway car, the evidence is conflicting as to where the plaintiff alighted, an instruction that "plaintiff became a passenger of the company, and continued to be its passenger up to and including the act of alighting at his proper stopping place," is erroneous.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Clark & Allen,* for plaintiff in error.

*Rose & Comstock, contra.*

*Rehearing allowed. See opinion, p. 221, *post.*

EPPERSON, C.:

This action was instituted by the defendant in error against the plaintiff in error in the district court for Lancaster county to recover damages for a personal injury caused by the alleged carelessness of the plaintiff in error. Plaintiff in the court below alleged that he was a passenger upon one of defendant's street cars west bound from Vine street in the city of Lincoln to the intersection of O and Sixteenth streets; that, while he was in the act of alighting at his place of destination, defendant's employees negligently, carelessly, and unlawfully, and without warning to plaintiff, and without stopping a sufficient length of time to permit the plaintiff to safely alight, started said car suddenly and with a jerk, the force of which unbalanced the plaintiff and threw him violently upon the pavement. For answer, the defendant alleged: First, a general denial; and second, admitted that the plaintiff was a passenger on defendant's car, and alleged "that, while the car was moving rapidly, and before it reached the crossing, the plaintiff left his seat in the car, walked to the platform, and negligently and carelessly stepped therefrom while the car was in motion as aforesaid, and fell upon the street, and whatever injuries the plaintiff received, if any, were caused by his negligence and carelessness in alighting from the car while it was in motion." The evidence was conflicting. The plaintiff testified that the injury was substantially as alleged in the petition. This was corroborated by other witnesses. Several witnesses for the defendant testified that it occurred as alleged in the second paragraph of the answer. The court gave instruction No. 10, in the first paragraph of which the jury were told that the burden of proof was on the plaintiff to establish the facts alleged in his petition and, in the second paragraph, that "the burden is upon the defendant to show that the plaintiff stepped from the car while in motion, and that the plaintiff was negligent in so doing, which negligence contributed proximately to his injury,

unless the plaintiff in making his own case has shown that said act in stepping from the moving car, if you find from the evidence that he did so step, was negligence which contributed to his injury as the proximate cause." That part of the instruction which relates to the burden being upon the defendant is alone objected to. In connection with this instruction, counsel for plaintiff places much stress upon the second paragraph of the answer, contending that it amounts to a plea of contributory negligence, and that under such a plea the instruction was proper. This also seems to have been the theory of the trial court. Contributory negligence is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care, as, concurring or cooperating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To constitute contributory negligence there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury. The defense alleged in the second paragraph of the answer was not such a plea, but a special denial of the matters alleged in the petition. The answer was a very poor pleading, but as it was not assailed by motion we must consider it as it is, and not as it should have been. The plaintiff having alleged that his damages were sustained by the negligence of the defendant, the burden of proving it and of establishing such fact by a preponderance of the evidence rested upon him, and his duty in this respect was not lessened by the mere fact that the defendant had interposed a special denial. The burden of proof did not shift during the trial. It is true that the defendant introduced evidence to prove the fact alleged in his special denial, but such evidence would have been admissible under the general denial. The instruction was prejudicial. Under it the jury might reasonably say that, even though the evidence was evenly balanced as to the manner the accident occurred, yet the burden of proof, in view of the instruction, being upon the defendant, the defendant must fail, when, as a matter of law, had the evidence

appeared to the jury as evenly balanced, the verdict should have been for defendant. The instruction here complained of was similar to the instruction disapproved by this court in *Lincoln Traction Co. v. Webb,* 73 Neb. 136. In the opinion therein, delivered by BARNES, J., it is said: "The rule seems to be well settled that the burden of proof never shifts, but remains with the party holding the affirmative. When a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon him to establish it by proof." By the instruction in the case at bar the court virtually told the jury that the burden was upon the plaintiff to establish that he received the injury substantially as alleged in his petition, and that the burden was upon the defendant to prove that plaintiff was guilty of the negligence alleged in the special denial. Both could not be true. Evidence of the latter of equal weight with the evidence of the former should have defeated the plaintiff.

The court gave instruction No. 7, excepted to by the defendant. That part assigned as error reads as follows: "The plaintiff, on the evening when the accident in controversy happened, became a passenger of said company, and continued to be its passenger up to and including the act of alighting at his proper stopping place." Under the petition it will be observed that the plaintiff desired to alight at the junction of Sixteenth and O streets, and, according to his evidence, he did alight at that place. It was the defendant's theory, supported by evidence, that the plaintiff voluntarily jumped from the car before it reached that point and while the car was in motion. This instruction was prejudicial. The question as to where the plaintiff alighted was a material one in this case, and it was a question for the jury to determine. From the instruction the jury might reasonably infer that the trial court was of the opinion that the plaintiff did remain on the car until the junction was reached.

For the reasons above stated, we recommend that the

judgment of the district court be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons appearing in the foregoing opinion, the judgment is reversed and the cause is remanded to the district court for a new trial.

REVERSED.

The following opinion on rehearing was filed March 21, 1907. *Former judgment vacated and judgment of district court affirmed:*

1. Trial: INSTRUCTIONS. The court should instruct the jury upon all the issues presented in the pleadings and evidence.

2. Pleading: CONTRIBUTORY NEGLIGENCE. An answer in a personal injury case, which sets forth an act or omission of the plaintiff, characterizes it as negligent, and alleges that it caused or contributed to the injury complained of by the plaintiff's petition, is sufficient to tender the affirmative issue of contributory negligence.

3. Instructions. The true meaning of instructions is to be determined, not from a separate phrase or paragraph, but by considering all that is said on each subject or branch of the case.

4. ———. An instruction which, if standing alone, might be erroneous, may not be so when considered with other instructions upon the same subject given in connection therewith.

BARNES, J.

In the argument upon the motion for rehearing it was made manifest that the opinion, *ante*, p. 217, does not clearly set forth the points which it was intended to determine. The petition alleged that the plaintiff was a passenger upon one of the defendant's street cars going west upon O street from Vine street to the intersection of Sixteenth street; "that, while he was in the act of alighting at his place of destination, defendant's employees negligently, carelessly and unlawfully, and without warning to plaintiff, and without stopping a sufficient length of time to per-

mit plaintiff to safely alight, started said car suddenly and with a jerk, the force of which unbalanced the plaintiff and threw him violently upon the pavement." The contention of the defendant was that the evidence in his behalf upon the trial strongly tended to show that the plaintiff did not ride to the intersection of Sixteenth street, but, on the other hand, alighted from the car before reaching that place and while the car was in motion and not at a regular stopping place. The defendant further contended that the only issue of fact tried to the jury was whether the plaintiff's allegation that he rode to the proper stopping place, and the place of his destination, before attempting to alight was true, and insisted that upon that issue the burden of proof was upon the plaintiff; whereas the defendant contended the instruction given, which was quoted in the former opinion incorrectly placed the burden of proof upon the defendant, upon the sole issue actually tried. It was this reason that led the court to adopt the conclusion reached in the former opinion. We are satisfied upon further examination of the case that this was an error. There can, of course, be no doubt that the answer of the defendant was an ordinary plea of contributory negligence. It contains all of the elements of such a plea, and there can be no doubt that, if the sole issue tried was presented upon the affirmative allegations of the plaintiff's petition to the effect that the plaintiff rode to his destination to the intersection of Sixteenth street and there alighted from the car, the answer of the defendant might be treated as a general and specific denial of that issue, and upon that issue, of course, the burden of proof would be upon the plaintiff. We are satisfied, however, that, while the evidence introduced upon the trial was largely directed to the question whether or not the defendant continued upon the car until it stopped at the intersection of Sixteenth street, his final destination, still, as the issues in the case were presented and tried, the instruction given by the court upon the question of contributory negligence was justified by the general issues presented and was not erro-

neous. The defendant alleged that, "while the car was moving rapidly, and before it reached the crossing, the plaintiff left his seat in the car, walked to the platform, and negligently and carelessly stepped therefrom while the car was in motion as aforesaid, and fell upon the street, and whatever injuries the plaintiff received, if any, were caused by his negligence and carelessness in alighting from the car while it was in motion." This presented the issue of contributory negligence, and there was evidence in the record tending to support it. It was therefore proper for the court to instruct upon that issue, and as the instruction given by the court fairly presented that issue to the jury, it was properly given.

As another reason for reversing the judgment of the district court, it was held in the former opinion that the court erred in giving the seventh paragraph of his instructions, which reads as follows: "The defendant company is a common carrier of passengers, and as such is required to exercise the utmost skill, diligence and foresight consistent with the business in which it is engaged for the safety of its passengers, and becomes liable for the slightest negligence in that regard. The plaintiff, on the evening when the accident in controversy happened, became a passenger of said company, and continued to be its passenger up to and including the act of alighting at his proper stopping place." It is the last paragraph of the instruction that was disapproved, and such disapproval was based on the expression, "at his proper stopping place." It was said: "The question as to where the plaintiff alighted was a material one in this case, and it was a question for the jury to determine. From the instruction the jury might reasonably infer that the trial court was of the opinion that the plaintiff did remain on the car until the junction was reached." We have reexamined the record, and find that paragraph 8 of the instructions, immediately following the one complained of, correctly submits the disputed issue as to whether plaintiff stepped off the car while it was in motion, or attempted to alight

therefrom after it had stopped at the crossing. By the concluding part of the ninth paragraph of the instructions, the jury were also told to determine whether "the plaintiff stepped from a moving car." By the tenth instruction, defining the burden of proof, the jury were again told to determine whether the plaintiff stepped from the car while it was in motion. Again, this question was submitted to the jury by a special request for findings, which appears in the record as follows: "Did the car on which the plaintiff was a passenger come to a stop at the intersection of O and Sixteenth streets before the plaintiff alighted?" To this special interrogatory the jury answered, "Yes." The next special inquiry was: "Did the car start while he was in the act of alighting?" This was also answered, "Yes." It is a well-established rule that instructions must be construed together, and if, when taken as a whole, they correctly announce the rules applicable to the issues and the evidence they will be upheld, even though a single paragraph standing alone may be faulty. *Bartley v. State*, 53 Neb. 310; *Love v. Putnam*, 41 Neb. 86. The true meaning of instructions is to be determined, not by a separate phrase or paragraph, but by considering all that is said on each particular subject or branch of the case. The instruction in question was intended to serve the single purpose of defining the relationship of carrier and passenger. If the expression, "at his proper stopping place," had been left out of the instruction, it would have been absolutely correct. That it ought not to have been used there can be no doubt. But after examining the whole record, and construing the instructions together as a whole, we are of opinion that the jury could not have been, and were not, misled thereby.

For the foregoing reasons, our former judgment is vacated and the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.