JOHN B. ALLEN, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED NOVEMBER 19, 1908. No. 15,368.

1. **Carriers: DUTY TO SHIPPERS.** A railway company engaged in the business of a common carrier is obliged to furnish reasonably safe and suitable cars for the transportation of horses tendered to it for shipment; and, if a car offered a shipper can only be made thus safe and suitable by the use of bedding, it is the duty of the carrier to furnish that bedding.

2. ———: ———. Nor is the carrier relieved of that duty by the agreement of the shipper to load and unload his stock, and to feed, water and care for it in transit.

3. **Evidence: BURDEN OF PROOF.** The burden of proof to establish the affirmative of an issue involved in an action rests upon the party alleging the facts constituting that issue, and remains there until the end.

4. **Appeal: EVIDENCE: HARMLESS ERROR.** In an action for the negligent failure of a carrier to properly bed a car so that it would be reasonably safe for the transportation of stock, where the proof is undisputed that the car was unsafe because of improper bedding, testimony concerning the custom of the carrier in preparing other cars for like shipments, if irrelevant, is without prejudice to defendant.

5. Carriers: DELAYS: QUESTIONS FOR JURY. Where the evidence tends to establish that a shipment of horses was materially delayed while the stock was in the carrier's possession, and that the stock was in good condition when received by the carrier and injured and damaged when delivered to the consignee, it is not error to submit the question of unreasonable delay to the jury.

6. Trial: INSTRUCTIONS. "An instruction, which, if standing alone, might be erroneous, may not be so when considered with other instructions upon the same subject given in connection therewith." *Lincoln Traction Co. v. Brookover,* 77 Neb. 221.

APPEAL from the district court for York county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*J. E. Kelby, Halleck F. Rose, Frank E. Bishop, Fred M. Deweese* and *George M. Spurlock,* for appellant.

*Gilbert Bros., contra.*

ROOT, C.

In December, 1905, plaintiff shipped over defendant's railway a car-load of horses from Venango to York, Nebraska. In transit three of the animals were so injured as to cause their death, and the remaining 21 were, it is claimed, also damaged. Plaintiff recovered judgment for defendant's alleged negligence, and defendant appeals.

1. Exception is taken to the instructions of the court that the alleged negligence of defendant in not properly bedding the car wherein the horses were shipped was an element in plaintiff's cause of action. The horses were transported by virtue of a stock shipper's contract, which provided, among other things: "And in consideration of free transportation for ———— persons, designated by the first party, who have indorsed their names hereon in the presence of the agent, hereby given by said railway company such persons to accompany the stock, it is agreed that the said cars, and the said animals contained therein, are and shall be in the sole charge of such persons, for the purpose of attention to and care of the said animals, and that the said railway company shall not be responsible for such attention and care. It is agreed that said

animals are to be loaded, unloaded, watered and fed by the owner or his agents in charge; that the second party shall not be liable for loss from theft, heat or cold, jumping from car or other escape, injury in loading or unloading, injury which animals may cause to themselves or to each other, or which results from the nature or propensities of such animals, and that the railway company does not agree to deliver the stock at destination at any specified time, nor for any particular market." Bearing in mind that the verdict for plaintiff resolves all disputed questions of fact in his favor, it may be said that Venango is situated in the western part of the state; that plaintiff maintains a stock ranch in the vicinity of said town, but resides in York, some 300 miles distant. Plaintiff's son, who was in charge of the ranch, telephoned defendant's agent at Venango that he wanted a 30 foot stock car, well bedded, next Sunday night to ship a load of horses to York, and the agent later informed the young man that the car was ready. The horses were driven to the station Sunday afternoon, and plaintiff's son then learned that the car was not bedded, and that the floor thereof was new construction and very hard and smooth. Defendant's agent stated that they were out of bedding, and suggested that Allen had better procure and spread over the car floor some manure which he could secure at a livery stable. Two such loads were thus placed in the car. The evidence is uncontradicted that the car, unless bedded with sand, cinders, hay or straw, was not safe for the transportation of horses, and that the addition of the manure furnished little, if any, additional security.

It is patent from an inspection of the bill of exceptions that a considerable part of plaintiff's loss can be traced directly to a lack of bedding in the car. Defendant argues that, by reason of the contract, and independent of it, the duty rested on plaintiff to bed the car; that, especially in the matter of shipping horses, because of the opinions of different shippers, it is impossible to adopt any method of bedding that would be uniformly satisfac-

tory, and that, when defendant furnished the shipper a sound, properly constructed car for the transportation of his stock, its duty as a common carrier, so far as the car was concerned, was discharged. We are of opinion, however, that it was the defendant's duty to furnish plaintiff a reasonably suitable and safe car for the transportation of his horses; that, if the car furnished could only be made reasonably suitable and safe by bedding it with sand, cinders, hay, straw or some like substance, it was defendant's duty to provide that bedding, and that it could not relieve itself of such liability by suggesting that plaintiff use some other and insufficient article for said purpose. The railway's obligation is implied from the nature of its business as a common carrier and the fact that it undertook in that capacity to transport plaintiff's horses, and it was not essential that the bill of lading should recite that the company had agreed to bed the car so as to make it safe for the shipment of his horses. *Galveston, H. & S. A. R. Co. v. Silegman,* 23 S. W. (Tex. Civ. App.) 298. Nor was defendant relieved of that liability by the fact that plaintiff's agent accepted the car without proper bedding. *Peters v. New Orleans, J. & G. N. R. Co.,* 16 La. Ann. 222, 79 Am. Dec. 578; *Hunt v. Nutt,* 27 S. W. (Tex. Civ. App.) 1031; *St. Louis & S. F. R. Co. v. Brosius & Le Compte,* 105 S. W. (Tex. Civ. App.) 1131. Nor did the written contract exempt defendant from such liability. It nowhere purports to place the burden on the shipper of bedding or otherwise preparing the car, and we are not inclined to extend defendant's exemption beyond the strict letter of the agreement. Nor will the fact that captious shippers might prefer bedding other than that furnished by the carrier excuse it from discharging its obligation. If the car is bedded so as to be reasonably safe, the shipper can ask no more from the carrier; and, if he indulges his whim or judgment to change conditions, he takes his own risk so far as the alteration may be concerned. Instruction numbered 3, requested by the defendant, was properly refused.

2. Complaint is made that the court instructed the jury that the burden was on defendant to prove that plaintiff was guilty of negligence which contributed to his loss. The instruction was correct. Defendant had pleaded certain facts as constituting contributory negligence on the part of plaintiff. The pleadings establish the burden of proof; and, if defendant pleads that plaintiff was guilty of contributory negligence, he assumes the laboring oar in that respect. *Rapp v. Sarpy County,* 71 Neb. 382.

3. It is urged that the evidence does not tend to establish that the shipment was delayed, but, on the contrary, that the horses were transported in due course of carriage. The freight train left Venango about 10 o'clock at night, remained several hours in Hastings, and arrived in Aurora about 9 o'clock the following night. It was necessary to switch the car from one train to another at the last named place. At Allen's request the conductor of the Hastings train had telegraphed in the afternoon to Aurora to hold the Aurora-York train so as to include defendant's car of stock therein. It was dark when the train arrived in Aurora, and some 20 or 30 minutes elapsed between the arrival of the Hastings and the departure of the Aurora train, and Allen, presuming that his car of stock had been switched into and made a part of said train, went into the caboose thereof, although his car of stock was left in the Aurora yards. It is also in evidence that the horses, other than those crippled, were unloaded at Aurora that night, and fed and watered the next day, and then reloaded about noon, so that they were on the track in the car for one-half a day, and not delivered in York for 24 hours later than they could have been if promptly transferred at Aurora. The evidence further tends to prove that the horses were in good condition when shipped at Venango, and gaunt and considerably bruised and marked up when unloaded at York. There was sufficient evidence, in our judgment, to warrant submitting this issue to the jury. *Nelson v. Chicago, B. & Q. R. Co.* 78 Neb. 57.

Instruction numbered "5," tendered by defendant, was properly refused, because there was no evidence to sustain the assumption or proposition that plaintiff abandoned the horses at Aurora, and for that reason the car was not transferred at said point. The following day, when plaintiff learned that his horses were still in Aurora, he notified defendant that he would not accept the stock, but later recanted and did receive it.

4. It is contended that the court improperly overruled defendant's objections to testimony tending to prove the custom of defendant in bedding cars for the use of stock. Plaintiff's right to recover on the cause of action set forth in the petition did not depend upon any custom or usage, but upon defendant's obligation to furnish him a car reasonably safe for the shipment of his horses. We are of opinion, however, that the evidence might be received as interpreting the intention and meaning of the parties in entering into the written contract, which was silent on this point. The testimony was undisputed that the car was unsafe for the shipment of horses in the condition in which it was delivered to plaintiff, and the evidence as to said custom was not prejudicially erroneous to defendant, even if it were irrelevant. Code, sec. 145.

5. Exception is taken to instruction numbered "4," given by the court, which is as follows: "The court instructs the jury that, although they may believe from the evidence that there was a caretaker in charge of the stock transported by the defendant, still if you further believe from the evidence that the injuries to said stock, if any, were the result of the negligence of the defendant, and that said injuries were not occasioned or contributed to by the negligence of said caretaker, then the verdict should be for the plaintiff." The instruction is not perfect, and the court should have qualified the reference to defendant's negligence by restricting it to the allegations contained in the petition; but when this instruction is read in connection with the other instructions of the court on the same subject, it is not misleading or prejudicially

erroneous. *Lincoln Traction Co. v. Brookover*, 77 Neb. 221. The verdict is not excessive, nor for the amount of plaintiff's demand. The trial court was fair in its rulings and charge, and we are of opinion that defendant has had a fair trial and is not in position to complain.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.