WILLIAM L. ARMSTRONG, APPELLEE, v. CITY OF AUBURN, APPELLANT.

FILED JUNE 25, 1909. No. 15,759.

1. **Cities: IMPROVEMENTS: LIABILITY.** "If a municipal corporation rightfully causes an improvement to be constructed or other work to be done, whether by an independent contractor or otherwise, it is bound to take notice of the character of the work and its condition, whether safe or dangerous, and is bound to take notice of the condition, whether safe or dangerous, of its streets and grounds as affected by the prosecution or performance of such improvement or work." *City of Beatrice v. Reid*, 41 Neb. 214.

2. **Trial: INSTRUCTIONS.** "An instruction which, if standing alone, might be erroneous, may not be so when considered with the other instructions upon the same subject given in connection therewith." *Allen v. Chicago, B. & Q. R. Co.*, 82 Neb. 726.

3. **Evidence** examined and referred to in the opinion *held* sufficient to sustain the verdict of the jury and judgment of the court.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed on condition.*

*Edgar Ferneau* and *H. A. Lambert*, for appellant.

*E. B. Quackenbush*, contra.

FAWCETT, J.

This action was brought in the district court for Nemaha county to recover for personal injuries sustained by reason of the negligence of defendant in removing a bridge or covering of a large culvert, in Main street in said city, and leaving the same, during the night following the removal of said bridge, without barriers to prevent persons traveling over said street from walking or driving into said culvert, and without any lights or signals to warn them of its dangerous condition. The answer is a general denial. There was a verdict for plaintiff for $1,500. From a judgment on such verdict, defendant prosecutes this appeal. As the answer does not tender any

defense of contributory negligence, that question is eliminated from the case, leaving the only questions to be considered certain alleged errors in the admission of testimony, the instructions given and refused, and the sufficiency of the evidence to sustain the verdict. We will consider these points in the order named.

The only error in the admission of testimony seriously complained of is in permitting plaintiff's father, who was the chief owner of the company by which plaintiff was employed, to testify that, subsequent to the time of plaintiff's injury and after his marriage, the witness, in behalf of his company, denied plaintiff a raise of salary, for the reason that he was not able to perform the work that would justify an increase in his salary from the firm, and that the reason he was not able to perform the work in such manner was on account of his being unable to lift and do heavy work that he should do. We are not prepared to say that this was error; but, even so, the amount of the verdict is such as to satisfy us that the testimony could not have influenced the jury. The reason for this holding will appear in our discussion of the weight of the evidence.

The instructions given by the court were all submitted by the parties to the action, some of them by plaintiff, and the others by defendant. We do not think any good purpose could be served, either to the parties or to the profession, by setting out the instructions. We deem it sufficient to say that two of the instructions requested by plaintiff would ordinarily, in a suit for personal injuries by reason of defects in a public street, be somewhat defective; but, in the present case, they cannot be complained of, because defendant tendered, and the court gave, instructions which covered the imperfections of those requested by plaintiff. In such a condition of the record, error will not lie. *Allen v. Chicago, B. & Q. R. Co.*, 82 Neb. 726. Taken as a whole, we think the instructions fairly submitted the case to the jury under the pleadings and the evidence.

The evidence shows that the work of removing the plank covering of the culvert was done by the street commissioner of defendant city; that, when the men quit work at 6 o'clock on the evening of the accident, they did not put up any barricades or leave any lights or danger signals of any kind to warn people of the dangerous pitfall which had been created in the middle of the public street. Counsel for defendant sought to prove that the street commissioner instructed the men during the day to do these things, and that the city had no notice or knowledge until after the accident that the orders of the commissioner had not been obeyed. This evidence was properly excluded. The defendant, having created this dangerous pitfall in the middle of the public street, was bound to see that the public was safeguarded against the same, and could not escape responsibility by charging the workmen engaged upon the work with that duty. The same would be true even if the street commissioner was doing the work under contract. *City of Beatrice v. Reid,* 41 Neb. 214. The evidence shows that it was a dark night; that between 7:30 and 8 o'clock plaintiff, in company with a young lady, was driving along the main street in a single-horse buggy, and plunged into this culvert; that the culvert was between six and seven feet deep, with loose rock at the bottom; that plaintiff was precipitated upon these rocks, and received severe injuries; that he was confined to his bed for about eight days, and had, at divers times subsequent thereto, been confined to his bed for short periods of time, and during all the time from the date of the injury to the time of the trial, a period of over two years, had constantly suffered pain, particularly in rainy weather. The testimony of the attending physicians who had examined him on different times, one of such examinations being just prior to the commencement of the trial, was that his limb had become shortened about three-quarters of an inch; that the hip had become atrophied, and that the injury would probably be permanent. He was not able to resume his duties in the store

where he was employed for a period of two months after the injury, and at different times had been compelled to lay off for short periods of time. The evidence of the serious character of his injuries is very full, and, in our judgment, quite conclusive, so much so that we think a verdict for even a larger sum would have been justified thereby.

One of the elements of plaintiff's demand was the sum of $79, for which he had become obligated for medical services, medicines, and appliances. While the evidence shows that plaintiff had obligated himself for such an amount, defendant contends there is no evidence in the record to show that $79 is the reasonable value of such services, medicines, and appliances. In this contention we think defendant is right, and, as that sum may have been allowed by the jury in making up the amount of its verdict, it should be deducted therefrom.

Finding no other error in the record, the judgment of the district court is affirmed, on condition that plaintiff within 30 days from this date file a remittitur for the sum of $79. Failing so to do, the judgment will stand reversed.

JUDGMENT ACCORDINGLY.

REESE, C. J., absent and not sitting.