MARTIN HOLMVIG, APPELLEE, V. DAKOTA COUNTY,
APPELLANT.

FILED JANUARY 3, 1912.  No. 16,590.

1. **Drains:** COUNTY COMMISSIONERS: EMPLOYMENT OF ENGINEER. When
   a board of county commissioners, in establishing a drainage ditch,
   by resolution duly entered upon its journal, employs an engineer,
   as authorized by section 5506, Ann. St. 1903, and it appears that by
   oral direction of individual members of the board such engineer
   had, with the knowledge of all of the members of the board,
   already performed a part of the work necessary under his general
   employment, and that the county will receive the benefit thereof,
   *held* that the official employment by the board will relate back
   to the time of the beginning of the work under such oral
   direction, and will entitle the engineer to reasonable compen-
   sation for such work.

2. ———: ———: POWERS. Paragraph 2 of the syllabus in *State v.
   Ross*, 82 Neb. 414, reaffirmed.

3. ———: ———: LIABILITY FOR SERVICES OF ENGINEER. Where a
   county board, after having established a ditch and employed an
   engineer to survey and report upon the same, under the provis-
   ions of sections 5500, 5506, Ann. St. 1903, subsequently rescinds
   its action establishing such ditch, but fails to notify the engineer
   of its subsequent action, such engineer will be entitled to
   reasonable compensation for services and expenses subsequently
   and in good faith performed and incurred by him in the line of
   his employment.

4. **Appeal:** CONFLICTING EVIDENCE. In a law action, where the evi-
   dence upon any disputed question of fact is sufficient to sustain
   a finding either way, the finding of the trial court thereon will
   be sustained on appeal.

APPEAL from the district court for Dakota county:
GUY T. GRAVES, JUDGE. *Affirmed.*

*J. J. McAllister,* for appellant.

*P. A. Sawyer, contra.*

FAWCETT, J.

This is an action to recover for services and expenses

as engineer for defendant, in the survey, location and establishment of a drainage improvement in Dakota county. Upon a trial to the court without the intervention of a jury, there was a judgment for plaintiff for the amount of his claim, and defendant appeals.

One contention made by defendant is that it was not liable in any event for the services performed by plaintiff, but that he must look to the petitioners for the ditch improvement for his pay. This point has been decided adversely to defendant's contention. *State v. Ross*, 82 Neb. 414.

That the board of commissioners had authority to act is clear. Section 5500, Ann. St. 1903. That it had authority to employ plaintiff as its engineer is also clear. Section 5506. That plaintiff performed the services embraced within the itemized claim introduced in evidence is not disputed; but it is urged that a portion of the service was performed and expenses incurred prior to his employment and appointment by the board, and a portion after the board had rescinded its former action and denied the prayer of the petitioners for the ditch. The record of the proceedings of the board of commissioners shows that plaintiff was formally appointed as engineer December 9, 1905. Items aggregating $66.15 are for services and expenses prior to that date. Plaintiff testifies that such services were rendered and expenses incurred at the oral instance and request of two of the commissioners. It also appears that the other commissioner knew that plaintiff was acting under such oral employment, and it was known by all the members of the board at the time of the appointment of plaintiff, on December 9, that the services already performed would be used by him as a part of his general employment and be included in his report, and that the board would thereby obtain the benefit of the services already rendered. Such being the case, we think his official employment, December 9, should be held to relate back to May 5, the date of his oral employment and commencement

40

of his work. It follows that defendant's contention that individual commissioners could not, under the circumstances in this case, orally bind the county cannot be sustained.

On March 2, 1907, the resolution adopted in 1905, establishing the ditch, was rescinded by the board of commissioners, and upon a reconsideration of the case at that time the prayer of the petitioners for the ditch was denied. It is conceded that no official notice of this action by the board was ever given plaintiff. The county clerk testifies that about a week or ten days subsequent to such action he read the resolution, adopted by the board, to plaintiff. This, plaintiff positively denies. The evidence upon this point being, therefore, squarely conflicting, and this being an action at law, we cannot disturb the finding and judgment of the trial court. If plaintiff was not notified of the abrogation by the board of its resolution of 1905, under which he was working, the court did not err in allowing his claim for services and expenses subsequent to the date of such abrogation.

AFFIRMED.