JAMES MUNDY ET AL., APPELLEES, v. WILLIAM MEYER, APPELLANT.

FILED SEPTEMBER 22, 1916.     No. 18963.

Appeal: CONFLICTING EVIDENCE. Where the verdict of the jury is based upon conflicting evidence, it will not be disturbed, unless it is clearly wrong.

APPEAL from the district court for Dodge county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

Courtright, Sidner & Lee, for appellant.

Albert & Wagner, contra.

HAMER, J.

James Mundy and Anton Bauman, Jr., the appellees, were partners in the real estate business at the time of the transaction recited in the evidence. The appellant, William Meyer, at the time of the transaction recited, was the cashier of the Dodge County Bank, which is located at Hooper. He also had land for sale as an agent. Peter Eberhardt was the owner of 240 acres of land in Dodge county, Nebraska. He was heavily in debt, and his land was incumbered by mortgages. The Dodge

Mundy v. Meyer.

County Bank was one of his creditors. This action was brought by the appellees to recover from Meyer upon an alleged promise made to Bauman to pay a commission if a purchaser should be found who would pay $34,000 for the land. The appellees, James Mundy and Anton Bauman, Jr., claimed to have found such a purchaser. There was a trial to a jury upon their claim, and a verdict was returned in their favor for the amount of the commission, which was fixed at $850, without interest. Judgment was rendered on this verdict, and the defendant appealed.

The errors assigned are: First, that the court should have directed a verdict for appellant as requested by the appellant at the conclusion of the testimony; second, that the court erred in excluding evidence offered by the defendant; third, that there is not sufficient evidence to sustain the allegations of the petition; fourth, complaint is made of one instruction.

The first and third contentions may be considered together. It is a sufficient answer to them to say that the evidence was conflicting. The verdict should not have been directed. It cannot be set aside, because, where there is a conflict of the evidence, the question should properly be submitted to the jury. *Smith v. Chicago, St. P., M. & O. R. Co.,* 99 Neb. 719; *Holmvig v. Dakota County,* 90 Neb. 576.

The rulings of the court on the exclusion of the evidence arose during the direct examination of defendant's witnesses. We do not see anything prejudicial in the rulings of the court, nor can the appellant complain.

The instruction complained of is as follows: "If you find that such contract was made, it would be the duty of the plaintiffs to produce a purchaser for the land in question who was able, ready and willing to buy said land and to pay the purchase price therefor, upon the agreed terms; and if the plaintiffs have convinced you by a preponderance of the evidence that they did produce such a purchaser who was able, ready and willing to buy the said land, for the price and upon the terms specified, and who

afterwards did buy the land, and if you are satisfied from a preponderance of the evidence that the contract above referred to was entered into by plaintiffs and the defendant, then your verdict should be for the plaintiffs. But if you are not so satisfied by a preponderance of the evidence, or if the evidence be evenly balanced or preponderates in favor of the defendant, then your verdict should be for the defendant."

We think that this instruction correctly states the rule. The judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.