PAUL WEGNER, APPELLEE, v. CHICAGO, ST. PAUL, MINNE-APOLIS & OMAHA RAILROAD COMPANY: WALKER D. HINES, DIRECTOR GENERAL, APPELLANT.

FILED FEBRUARY 16, 1922. No. 22003.

1. **Carriers: SHIPMENT OF LIVE STOCK: EQUIPMENT.** "It is the duty of a common carrier to furnish safe and suitable cars to be used in shipping animals, and for failure to do so the carrier is liable, if damages result by reason of such failure." *Fuller v. Chicago & N. W. R. Co.*, 99 Neb. 611.

2. ———: ———: **LIABILITY.** In an action for negligent handling of property in bedding and caring for a shipment of animals, where the negligence is undisputed, the common carrier is liable for injuries sustained thereby to animals.

3. ———: ———: **DUTIES.** A railroad company engaged in the business of a common carrier is obliged in handling animals for transportation to furnish suitable bedding where it is necessary to bed a car to make it safe and suitable.

4. **Evidence** examined, and *held* sufficient to sustain the verdict of the jury.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*Murphy & Winters, contra.*

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ., RAPER and STEWART, District Judges.

ALDRICH, J.

This is an action at law to recover damages growing out of injury to a certain number of sheep in the sum of $422.77, which amount plaintiff claims to have lost by

death, crippling and injury in a certain consignment of sheep shipped from Bancroft, Nebraska, to Omaha in January, 1919. The plaintiff claims in his petition that through his agent he delivered to the defendant 834 head of sheep, well and in good condition to be transported from Bancroft to the stock-yards of South Omaha. The petition alleges that the defendant carelessly and negligently failed to transport these sheep to the Union Stock Yards and by reason of carelessly and negligently handling the stock 25 head were killed en route, 11 head became crippled, and 73 head became muddy and trampled up in the cars during transportation. For the dead animals the plaintiff claims he was damaged in the sum of $258.75, and for the crippled ones $85.85, and for the 73 head of muddy animals he alleges he was damaged in the sum of $53.10. The director general of railroads filed his answer claiming no liability for any damage which occurred to the animals. The defendant further answered, alleging by way of defense that if any of the sheep died or were crippled during transportation such deaths and crippling were due to the inherent weakness and disposition of the animals to injure themselves and to natural causes. The jury decided the case on the evidence and the instructions of the court for the plaintiff, and the defendant appeals therefrom.

It will be noted from the record that this is largely an issue of fact, and it will be noted as a proposition of law that it is incumbent upon the defendant to furnish suitable cars in good condition to be used in the transportation of animals to the market. If the defendant fails to do so, then he is liable for damages resulting by reason of such failure. This is the province of the jury to determine under proper instructions of the court. Purely on the facts the verdict of the jury was for the plaintiff. Then the question is, was the evidence sufficient? We hold as a matter of law that there was ample evidence to sustain the verdict of the jury.

We have examined the instructions of the court, and

on the law each one is substantially correct and there was no error of law as disclosed by the record. Then it follows that on the law and on the facts the jury are amply sustained. The jury finding for the plaintiff on this state of facts is correct.

A railway company engaged in the business of a common carrier is obliged to furnish reasonably safe and suitable cars for the transportation of sheep, and if the car is not in such condition then the common carrier is liable for whatever damage occurs. *Allen v. Chicago, B. & Q. R. Co.*, 82 Neb. 726; *Fuller v. Chicago & N. W. R. Co.*, 99 Neb. 611.

"In a law action, where the evidence upon any disputed question of fact is sufficient to sustain a finding either way, the finding of the trial court thereon will be sustained on appeal." *Holmvig v. Dakota County*, 90 Neb. 576.

It will be noted that the defendant furnished a double-decked car that was filled with mud, slush and manure to the depth of several inches and was not in any other way bedded. In this car there were 15 dead sheep. Their death, everything indicates, was caused by reason of the lack of diligence in properly preparing this car for shipment. For this negligence and carelessness the company was primarily liable for damages resulting from this condition of the car. In this condition, as we find it, the car was improperly equipped and furnished for the transportation of animals to market. The defendant is responsible for the injuries to these sheep sustained by reason of such car being out of condition. *Fuller v. Chicago & N. W. R. Co.*, 99 Neb. 611.

Thus it is plain what the weight of authority is in this situation. The instructions of the court being consistent with the facts disclosed by the various witnesses, there is nothing remaining for us to pass upon, and we therefore affirm the case.

AFFIRMED.