MARIE GUTZMER ET AL., APPELLANTS, V. DEWEY NELSEN, APPELLEE.

FILED MAY 15, 1931. No. 27650.

*Lawrence Fredericksen* and *John A. McKenzie* for appellants.

*Gaines, McGilton, Van Orsdel & Gaines, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This is a suit in equity to set aside a deed on the ground that it was procured by undue influence. It was brought by three of the children of the grantor, who died intestate November 29, 1927, against their brother, who is the grantee. From a decree finding the allegations are not sustained by the proof and ordering the petition dismissed for want of equity, plaintiffs appeal.

While we said that (Ane) Marie Nelsen (Nielsen) died intestate, it is true she left a will. But that will, executed July 14, 1926, was adjudged by the district court for Douglas county not to have been established, after a verdict of a jury thereon to that effect. The will was contested on the grounds that it was executed while the testatrix was mentally incompetent and because of alleged undue influence of Dewey Nelsen. Neither the verdict of the jury nor the judgment shows the particular ground or grounds on which it was based. On appeal to this court the judgment of the district court was affirmed. *In re Estate of Ane Marie Nielsen,* 119 Neb. 862.

The deed was executed April 14, 1927, by Marie Nelsen a widow, in favor of Dewey Nelsen. The grantor was also known as Ane Marie Nielsen. The property consisted

of a house and irregular shaped lot in Brookline addition in the city of Omaha. Some of the calls in the deed mention Center street, Cedar street and the Missouri Pacific Railroad. The evidence shows the lot was valued for tax purposes at $1,705. The three plaintiffs and defendant are the only heirs of Marie Nelsen.

The first assignment of error is that the court held the burden of proof was upon plaintiffs to show that Marie Nelsen was of unsound mind at the time the deed was made. Plaintiffs had pleaded the mother's lack of "sufficient mental capacity to execute a deed or to understand the nature and character of the same" as one of the elements of the case, along with the undue influence of the son, by which it was alleged that the latter obtained from her the deed in his favor. If plaintiffs relied upon either or both of these elements so pleaded, it was their duty to furnish the proof. It is a fundamental rule of pleading and evidence that a party pleading a material fact assumes the burden of proving it. *Allen v. Chicago, B. & Q. R. Co.,* 82 Neb. 726; *Pierce v. Miller,* 107 Neb. 851.

The second assignment of error is: "In not holding, as a matter of law, that there was no evidence to show any change in the mental condition of Ane Marie Nielsen after the will was drawn." The meaning of the assignment is not clear. Apparently the position of appellants is that, in the controversy over the will, between the same parties, the jury had found, and the court had adjudged, the mother was not of sound mind when the will was executed and therefore, they argue, it must be taken for granted she was not of sufficient mental capacity to make the deed involved in this case; or, that it was adjudicated between the parties in the will case that, by reason of his mother's mental incapacity, she was a victim of his undue influence in the making of the will. The argument therefore is that his dominion over her in the matter of the deed must be considered, as a matter of law, to exist in this case. In other words, it is claimed these matters are *res judicata.*

The will was made July 14, 1926. The deed was made April 14, 1927. They are entirely different instruments, shown by the evidence to be executed in the presence of different witnesses, nine months apart. Though the parties in the two cases are identical, there is no identity in the things sued for or in the causes of action in the will case and in this case to set aside the deed. *Res judicata* does not exist where there is no identity in the thing sued for or in the cause of action. Bouvier's Law Dictionary (Rawle's Third Revision), 2910; *LeRoy v. Collins*, 165 Mich. 380; *Murphy Chair Co. v. American Radiator Co.*, 172 Mich. 14.

Moreover, no estoppel by reason of the former judgment has been pleaded. There is nothing whatever in the petition of plaintiffs relating to the contest of the will or to the adjudication thereof. "Where a former judgment is relied on as an estoppel in another action, it must be pleaded." *Gregory v. Kenyon*, 34 Neb. 640.

The third and last assignment of error is, in effect, that the evidence shows as a matter of law that, in obtaining the deed, appellee perpetrated such a fraud upon his mother and appellants as a court of equity will not overlook. To detail or to analyze the testimony of the many witnesses would not be of value. We think plaintiffs failed to sustain the burden that was on them. The trial court did not err when it found that the allegations "are not sustained by the proof." The judgment of the district court is

AFFIRMED.