IN RE ESTATE OF DELPHINE C. WAGNER, DECEASED.
LOIS ANN TANK, APPELLANT, V. CLARA MAE LANGE, APPELLEE.

522 N.W.2d 159

Filed September 30, 1994. No. S-93-262.

626

Neil W. Schilke, of Sidner, Svoboda, Schilke, Thomsen, Holtorf & Boggy, for appellant.

William G. Line, of Kerrigan & Line, and Darrell K. Stock, of Snyder & Stock, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

LANPHIER, J.

This case concerns a will contest between children of the decedent, Delphine C. Wagner. A daughter of the decedent, Clarinda Foote, submitted a will dated April 2, 1984, for probate in the county court for Dodge County. The will specified it made no provision for four children who unsuccessfully had attempted to put the decedent under a conservatorship to set aside leases on ground formerly rented to some of them. It left all property to the two remaining children. The appellant, Lois Ann Tank, objected to probate of the will on the grounds that the testator lacked the capacity to make a will and that the will was the product of undue influence. After a hearing on the matter, the trial court awarded summary judgment to the appellee, Clara Mae Lange. The appellant, asserting that there were genuine issues of material fact raised, appealed from that order to the Nebraska Court of Appeals. Subsequently, we removed this case to the Supreme Court docket in order to regulate the caseloads of the appellate courts. Our review of the record establishes that the district court correctly concluded that there were no genuine issues of material fact. We therefore affirm.

## BACKGROUND

Delphine Wagner and her husband Roy had six children, Clara Mae Lange, Clarinda Foote, Lyman Wagner, Lois Ann Tank, Genevieve Beerbohm, and Del Nor Sazama. After Roy Wagner died, four of the children, Lyman Wagner, Lois Ann Tank, Genevieve Beerbohm, and Del Nor Sazama, initiated proceedings to have a conservator appointed for their mother and to have a lease she made set aside. See *In re Estate of Wagner*, 220 Neb. 32, 367 N.W.2d 736 (1985) (*Wagner I*). Delphine Wagner leased a certain parcel of land to Scribner Alfalfa, Inc. Charles Lange, Clara Mae's husband, worked at Scribner Alfalfa, Inc. In previous years the land had been rented to Lyman Wagner and to Lois Ann Tank and her husband Paul, who wished to continue renting the land.

The county court for Dodge County appointed a conservator and set aside the lease. See *Wagner I*. After reviewing the case, the district court vacated the appointment and reinstated the

lease. This court in *Wagner I* affirmed the judgment of the district court.

Delphine Wagner died July 22, 1992. On July 26, Clarinda Foote filed in the county court for Dodge County a petition for probate of the will dated April 2, 1984. That will in pertinent part stated:

> FIRST: I specifically make no provision for my children, Lyman Wagner, Lois Ann Tank, Genevieve Beerbohm and Del Nor Sazama for the reason that they have joined in a petition to place me under conservatorship to set aside leases I made with the Scribner Alfalfa Mill on ground formerly rented to Lyman Wagner and Paul and Lois Ann Tank. Despite the fact that doctors said that I was mentally sound, they have carried on a court fight putting me to heavy and needless expense and I direct that they take no part of any of my property, real or personal.

> SECOND: I give all of my property, both real and personal, to my two remaining children, Clarinda Foote and Clara Mae Lange.

On August 21, 1992, Lois Ann Tank filed objections to the petition for probate. She contended that Delphine Wagner lacked testamentary capacity to make the will and that the will was the product of undue influence. Lois Ann Tank then transferred the matter to the district court for Dodge County. Clara Mae Lange moved for summary judgment in the district court, asserting that the evidence submitted failed to raise a genuine issue of material fact and that she was entitled to judgment as a matter of law. Relying on *Wagner I*, Clara Mae Lange contended that this matter is res judicata. The district court sustained the motion, but did not state the basis of its decision to do so.

## ASSIGNMENTS OF ERROR

Lois Ann Tank asserts that the district court erred in granting summary judgment. She contends that there were genuine issues of material fact with respect to whether the testator had testamentary capacity and whether the will was the product of undue influence.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Zwingman v. Kallhoff*, 244 Neb. 514, 507 N.W.2d 894 (1993); *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992); *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992). Moreover, summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zwingman v. Kallhoff, supra*; *Murphy v. Spelts-Schultz Lumber Co., supra*; *Moore v. Hartford Fire Ins. Co.*, 240 Neb. 195, 481 N.W.2d 196 (1992); *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992).

## SUMMARY JUDGMENT

The question presented for review in this case is whether the trial court erred in determining that there were no genuine issues of material fact regarding Delphine Wagner's testamentary capacity or whether she was subject to undue influence when she made her will.

An underlying issue raised by the appellee is whether the doctrines of res judicata or collateral estoppel would bar the appellant from contesting the will on grounds of undue influence and lack of testamentary capacity. If the doctrines of res judicata or collateral estoppel legally preclude the appellant from contesting Delphine Wagner's testamentary capacity or whether she was subject to undue influence, there could be no genuine issue as to those facts. See *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994). Thus, if either of the doctrines apply, it follows that the grant of summary judgment was appropriate. However, if the doctrines do not apply, that does not mean that the grant of summary judgment was necessarily erroneous. In such a case, we must review the evidence to determine if a genuine issue of material fact is raised.

## COLLATERAL ESTOPPEL/RES JUDICATA

The applicability of the doctrines of collateral estoppel and res judicata to this case constitutes a question of law. See *Kopecky v. National Farms, Inc., supra.* With regard to questions of law, an appellate court is obligated to reach a conclusion independent from the trial court's conclusion. *Id.*; *Petska v. Olson Gravel, Inc.*, 243 Neb. 568, 500 N.W.2d 828 (1993).

Although the appellee uses the term res judicata, her arguments raise the point that the same issues addressed in *Wagner I*, mental capacity and undue influence, are being raised in the instant action. The doctrine of res judicata provides that a final judgment on the merits is conclusive upon the parties in any later litigation involving the same cause of action. *Petska v. Olson Gravel, Inc., supra.* Under collateral estoppel, when an issue of ultimate fact has been determined by a final judgment, that issue cannot again be litigated between the same parties in a future lawsuit. *Id.* Given the substance of the appellee's argument, and the fact that a will contest and a conservatorship proceeding are not the same causes of action, we believe the issue the appellee raises concerns the doctrine of collateral estoppel and not res judicata.

There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Kopecky v. National Farms, Inc., supra*; *McCook Nat. Bank v. Myers*, 243 Neb. 853, 503 N.W.2d 200 (1993); *State on behalf of J.R. v. Mendoza*, 240 Neb. 149, 481 N.W.2d 165 (1992).

In determining the applicability of collateral estoppel to this case, we necessarily will be required to decide whether the issues decided in *Wagner I* are identical to those raised here.

In *Wagner I*, 220 Neb. at 33, 367 N.W.2d at 738, the issues decided were "whether the requirements of [Neb. Rev. Stat.] § 30-2630 [(Cum. Supp. 1984)] were met so as to justify the appointment of a conservator for Mrs. Wagner" and whether a

lease she made should be set aside as the product of undue influence. We will address each of these issues separately.

First, we will address the appointment of a conservator. The appellee's argument, in essence, is that the determination of mental capacity for the purposes of a conservatorship proceeding is sufficient to determine the existence of testamentary capacity. However, a comparison of the elements of each clearly shows that mental capacity for the purposes of a conservatorship and testamentary capacity are not the same. See, also, *In re Estate of Camin*, 212 Neb. 490, 323 N.W.2d 827 (1982) ("mental competence" is not the same as "testamentary capacity"). The requirements for the appointment of conservator, as set forth in Neb. Rev. Stat. § 30-2630(2) (Reissue 1989), are that

> (i) the person is unable to manage his or her property and property affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, confinement, or lack of discretion in managing benefits received from public funds, detention by a foreign power, or disappearance; and (ii) the person has property which will be wasted or dissipated unless proper management is provided . . . .

One possesses testamentary capacity if she understands the nature of her act in making a will or a codicil thereto, knows the extent and character of her property, knows and understands the proposed disposition of her property, and knows the natural objects of her bounty. *In re Estate of Peterson*, 232 Neb. 105, 439 N.W.2d 516 (1989).

Since the requisite elements for the appointment of a conservator are different than the elements of testamentary capacity, the issues decided in *Wagner I* are necessarily different than those raised in the instant case. Therefore, the doctrine of collateral estoppel does not apply to bar the appellant from contesting Delphine Wagner's will for lack of testamentary capacity.

We also find that the doctrine of collateral estoppel does not apply to prevent the appellant from contesting the will on grounds of undue influence. Again, the issue addressed in

*Wagner I* is different from the one raised here. In *Wagner I*, the alleged undue influence concerned a lease. Here it concerns a will. A finding that there was no undue influence with respect to a lease made at one time has nothing to do with whether there was undue influence with respect to a will made at another time. In *Gutzmer v. Nelsen*, 121 Neb. 214, 236 N.W. 614 (1931), this court held that a finding of undue influence used to set aside a will did not conclusively establish by means of the doctrine of res judicata that a deed subsequently made was the product of undue influence. There we stated:

> Though the parties in the two cases are identical, there is no identity in the things sued for or in the causes of action in the will case and in this case to set aside the deed. Res judicata does not exist where there is no identity in the thing sued for or in the cause of action.

(Emphasis omitted.) *Id*. at 217, 236 N.W. at 615.

In any event, the standards of proof in the two proceedings are different. The setting aside of a contract for undue influence requires clear and convincing evidence. *Miller v. Westwood*, 238 Neb. 896, 472 N.W.2d 903 (1991). However, in a will contest, undue influence need only be established by a preponderance of the evidence. *In re Estate of Price*, 223 Neb. 12, 388 N.W.2d 72 (1986). Just because the evidence offered in the prior action was not clear and convincing does not mean that the same evidence could not constitute a preponderance of the evidence. See Restatement (Second) of Judgments § 28(4), comment *f.*, illus. 11 (1982). Thus, the doctrine of collateral estoppel again could not serve to conclusively establish that the will was not a product of undue influence.

REVIEW OF THE EVIDENCE PRESENTED

Next, we turn to whether, given the evidence presented with respect to the testamentary capacity of Delphine Wagner, summary judgment was appropriate.

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must furnish sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented remains uncontroverted. After the moving party has

shown facts entitling it to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal.*, 243 Neb. 351, 500 N.W.2d 520 (1993); *Howard v. Blue Cross Blue Shield*, 242 Neb. 150, 494 N.W.2d 99 (1993).

The burden is on the proponent of a will to prove the testamentary capacity of the testator. *In re Estate of Camin*, 212 Neb. 490, 323 N.W.2d 827 (1982). However, a self-proved will establishes prima facie proof of testamentary capacity. *Id.* It is undisputed that the will in question is a self-proved will; therefore, the appellee, the proponent of the will, has established prima facie proof of testamentary capacity and met her burden with respect to the motion for summary judgment.

Next, we must consider whether the appellant met her burden to present evidence showing a genuine issue of material fact to prevent judgment as a matter of law. In her brief, the appellant contends that the strongest evidence of Delphine Wagner's lack of testamentary capacity is a handwritten document dated March 26, 1984. In this note, Delphine Wagner expresses thoughts on her will, anger toward those of her children who initiated the conservatorship proceedings, and despair. The appellant suggests that because not all of the property Delphine Wagner owned was specifically mentioned in the note, Delphine Wagner did not know the extent of her property. The appellant's argument presumes that Delphine Wagner's intent in drafting the note was to inventory her property. That she did not mention all of her property in this note is of so little consequence that it cannot even be considered relevant evidence as to whether she knew the extent of her property.

The appellant also suggests that the phrase "Paul [Tank] has no 1/6 in this place whatsoever," found in the above-mentioned note, tends to prove Delphine Wagner's lack of testamentary capacity by establishing that she did not know the natural objects of her bounty. In her brief, the appellant states: "The reference to his [Paul Tank's] one-sixth interest, if equated with the interest of his wife Lois Ann, would indicate a belief or intent by Delphine that the property was passing equally to her

six children or the five other than Lois Ann." Brief for appellant at 45.

The appellant's strained attempt to find meaning in this statement by means of successive inferences clearly illustrates that rather than evidence, the appellant is relying upon conjecture.

The appellant argues that Delphine Wagner obviously lost testamentary capacity at some point before she died. The appellant further argues that Delphine Wagner suffered a stroke on May 8, 1984, a little more than a month after she executed her will. Since the condition causing the stroke was obviously progressive in nature, the appellant argues that there is a sufficient basis to raise a genuine issue of material fact as to Delphine Wagner's testamentary capacity on the date she executed her will. We disagree. Even if we assume that Delphine Wagner lost testamentary capacity at some point before she died, a fact we need not decide, the evidence presented fails to raise a genuine issue of material fact with respect to her testamentary capacity on April 2, 1984. The appellant is asking us to infer from the fact that Delphine Wagner suffered a stroke on May 8, 1984, that her capacity was diminished more than a month earlier. However, to make such inferences regarding the effects of the stroke on Delphine Wagner's testamentary capacity a month earlier would require us to ignore clear facts. The record affirmatively shows that Delphine Wagner's mental capacity was unaffected 1 month *after* the stroke. Dr. Roger W. Dilley, Delphine Wagner's physician, testified during a deposition that notes he made in conjunction with a June 8, 1984, visit from Delphine Wagner reflected that "she had no evidence of any confusion or difficulty making decisions."

With respect to the medical evidence adduced, the appellant admits in her brief that "medical records, including the doctor's notes, show nothing regarding substantial mental difficulty until May 30, 1988." Brief for appellant at 40. This is more than 4 years after the will was executed. Although this seems to support the grant of summary judgment, the appellant's point is that the absence of medical records should not be considered evidence in support of testamentary capacity. However, we are not concerned with the weight of the evidence, but, rather, with

whether the appellant has adduced evidence to establish a genuine issue of material fact. She has not.

Lastly, the appellant offers her opinions and those of her siblings on Delphine Wagner's testamentary capacity. It is true that a nonexpert witness who is shown to have had a more or less intimate acquaintance with a person may be permitted to state an opinion as to the mental condition of that person by giving the facts and circumstances upon which the opinion is based. *In re Estate of Thompson*, 225 Neb. 643, 407 N.W.2d 738 (1987). However, it must appear that the witness has in mind the quality of mental capacity essential to the making of a valid will and that the facts and circumstances attested to are sufficient upon which to base an opinion. *In re Estate of Camin, supra*. Without detailing all the deposition testimony offered by the disinherited children, it is clear that they did not have in mind the requirements for testamentary capacity at the time they offered their opinions. They also were unable to point to specific facts or circumstances upon which they based their testimony. A review of the remaining evidence contained in the record also fails to establish any genuine issue of material fact concerning Delphine Wagner's testamentary capacity. We, therefore, conclude as did the district court that the appellant failed to offer evidence which would present a genuine issue of material fact such as would prevent the rendering of judgment as a matter of law.

Finally, we must review the evidence with respect to the claim of undue influence. Undue influence such as to defeat a will is such manipulation as destroys the free agency of the testator and substitutes another's purpose for that of the testator. *In re Estate of Peterson*, 232 Neb. 105, 439 N.W.2d 516 (1989). Mere suspicion, surmise, or conjecture does not warrant a finding of undue influence; there must be a solid foundation of established facts on which to rest the inference of its existence. *Wagner I*.

It is well established that both the appellee and Clarinda Foote were intimately involved in virtually all aspects of their mother's life during her declining years. That they possessed the opportunity to exercise undue influence cannot be seriously disputed. However, there is virtually no evidence of the other

elements of undue influence.

With respect to whether Delphine Wagner was subject to undue influence, the record clearly demonstrates that she was not. The record shows that despite the strenuous efforts of certain of her children and her son-in-law Paul Tank to control her, she was determined to retain control over her own affairs. She appeared to be of a mind clearly not amenable to undue influence.

Likewise, the appellant fails to present a genuine issue of fact concerning whether the appellee or Clarinda Foote was disposed to exercise undue influence for an improper purpose. The record shows that they were thoroughly involved in the feud which obviously caused Delphine Wagner great anguish. However, it does not show their disposition to exercise undue influence. Though replete with allegations, the record is devoid of any underlying factual basis for those allegations.

With respect to the appellant's claim that Delphine Wagner's will was the product of undue influence, we conclude that the district court's grant of summary judgment was appropriate.

## CONCLUSION

Because there is no genuine issue of material fact which would prevent the rendering of judgment as a matter of law, we affirm the judgment of the district court.

AFFIRMED.

WHITE, J., not participating in the decision.

WRIGHT, J., not participating.