537 N.W.2d 496 (1995)
248 Neb. 573
FARM CREDIT BANK OF OMAHA, a Corporation, Appellee,
v.
Royce H. STUTE and Marsha A. Stute, Husband and Wife, Appellants.
No. S-93-1102.
Supreme Court of Nebraska.
September 22, 1995.
Lawrence C. Crosby, of Crosby & Associates, for appellants.
Tim W. Thompson, of Kelley, Scritsmier & Byrne, P.C., for appellee.
WHITE, C.J., and CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.
PER CURIAM.
In a prior proceeding, the district court foreclosed the mortgage executed by the defendant-appellants herein, Royce H. Stute and Marsha A. Stute, husband and wife, and by the husband's mother, Mary A. Stute, and thereafter confirmed the sale of *497 the mortgaged land. No appeal was taken from that prior proceeding. The plaintiff-appellee herein, Farm Credit Bank of Omaha, thereafter instituted this action on the underlying note the husband and wife had executed and obtained a deficiency judgment against them. The husband and wife appealed that judgment to the Nebraska Court of Appeals. In order to regulate our caseload and that of the Court of Appeals, we, on our own motion, removed the matter to our docket.
The husband and wife claim, in summary and effect, that the district court erred in (1) confirming the sale of the mortgaged lands and proceeding to adjudicate this action and (2) not permitting the assertion of an estoppel defense. The first claim finds its genesis in 12 U.S.C. § 2219a(a) (1994), which provides:
Agricultural real estate that is acquired by an institution of the System as a result of a loan foreclosure or a voluntary conveyance by a borrower (hereinafter in this section referred to as the "previous owner") who, as determined by the institution, does not have the financial resources to avoid foreclosure (hereinafter in this section referred to as "acquired real estate") shall be subject to the right of first refusal of the previous owner to repurchase or lease the property, as provided in this section.
The husband and wife urge that as Farm Credit is part of the "System" to which § 2219a(a) applies, it was precluded from seeking foreclosure and a deficiency judgment because it did not first afford the husband, wife, and mother the right of first refusal to repurchase or lease the property.
However, in the prior foreclosure proceeding brought by Farm Credit against the husband, wife, and mother, the district court ruled that those defendants had not properly sought to bring themselves within the ambit of § 2219a(a). No appeal having been taken, the judgment embodying that finding became final.
The collateral estoppel doctrine precludes the same parties from retrying an issue of ultimate fact which has been determined by a valid and final judgment in another case. In re Estate of Wagner, 246 Neb. 625, 522 N.W.2d 159 (1994); Petska v. Olson Gravel, Inc., 243 Neb. 568, 500 N.W.2d 828 (1993).
For the doctrine of collateral estoppel to apply, four conditions must be met: (1) The identical issue must have been decided in the prior action, (2) there must have been a judgment on the merits which was final, (3) the party against whom the rule is to be applied must have been a party or in privity with a party to the prior action, and (4) there must have been an opportunity to fully and fairly litigate the issue in the prior action. In re Estate of Wagner, supra; How v. Mars, 245 Neb. 420, 513 N.W.2d 511 (1994); Rosse v. Rosse, 244 Neb. 967, 510 N.W.2d 73 (1994).
Since each of those conditions exists here, the husband and wife may not again raise the right of first refusal issue in this case.
In connection with the second claim of error, the husband and wife contend that the district court erred in failing to permit the mother to assert estoppel as a defense to her liability under the "pledge of her property." Whatever that may mean, the issue is not available to the husband and wife here because, if for no other reason, they failed to present to the district court an estoppel defense in this action. An issue not presented to the trial court may not be raised on appeal. K & K Farming v. Federal Intermediate Credit Bank, 237 Neb. 846, 468 N.W.2d 99 (1991).
Accordingly, the judgment of the district court must be, and hereby is, affirmed.
AFFIRMED.