TIM GRAVEL, APPELLANT, v. ROBERTA SCHMIDT AND WILLIAM TOMEK, APPELLEES.

527 N.W.2d 199

Filed February 10, 1995.  No. S-93-485.

David L. Kimble for appellant.

Kristine K. Kluck and Milton A. Katskee, of Katskee, Henatsch & Suing, for appellee Tomek.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, WRIGHT, and CONNOLLY, JJ.

WHITE, J.

Tim Gravel sued attorney William Tomek for breach of contract, alleging that Tomek promised Gravel that he would inherit a sum of money that was substantially more than what Gravel actually inherited. Tomek filed a motion for summary judgment arguing that no contract ever existed between Tomek and Gravel. The district court granted Tomek's motion, and Gravel appeals.

Helen V. Gravel died in August 1985. She was survived by

her husband, Robert; two sons, Mark and Tim; and one daughter, Roberta Schmidt. Helen Gravel named Schmidt as personal representative of the estate. Schmidt retained Tomek as attorney for the estate. Robert Gravel died in 1988, and shortly thereafter, heirs Mark, Tim, and Roberta met with Tomek to discuss settling the estate.

In his affidavit, Tomek states that he contacted Securities Management & Research, Inc. (SMR), a mutual fund manager and distributor, which informed Tomek that Helen Gravel had approximately 20,000 shares in her account with SMR. Believing that information to be true, Tomek calculated the value of her shares to be in excess of $400,000.

Tim Gravel alleges in his fourth amended petition that Tomek promised Gravel that he would inherit somewhere between $50,000 and $100,000 from the estate. Relying on Tomek's alleged promise, Gravel entered into a contract for the purchase of real property.

Gravel actually received approximately $15,000 upon receipt of the final report of the estate and alleges that he subsequently defaulted on the land purchase contract. Gravel claims that Tomek breached a contract formed between Tomek and Gravel, because Gravel inherited substantially less than Tomek promised. Gravel appealed the district court's granting of Tomek's motion for summary judgment to the Nebraska Court of Appeals, and pursuant to our authority to regulate the caseloads of the appellate courts, we removed this case from the Court of Appeals docket to the Nebraska Supreme Court docket.

Gravel claims that the district court erred in granting Tomek's motion for summary judgment and in overruling Gravel's motion for new trial. To be considered by an appellate court, an error must be assigned and discussed in the brief of the one claiming that prejudicial error has occurred. *Jirkovsky v. Jirkovsky, ante* p. 141, 525 N.W.2d 615 (1995); *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994); *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994). Gravel assigned but did not discuss in his brief the error concerning the motion for new trial, so we will only consider Gravel's first assignment of error.

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom judgment is granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *New Light Co. v. Wells Fargo Alarm Servs., ante* p. 57, 525 N.W.2d 25 (1994); *Schlake v. Jacobsen*, 246 Neb. 921, 524 N.W.2d 316 (1994); *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *New Light Co., supra*; *Double K, Inc. v. Scottsdale Ins. Co.*, 245 Neb. 712, 515 N.W.2d 416 (1994); *Bauers v. City of Lincoln*, 245 Neb. 632, 514 N.W.2d 625 (1994). With this in mind, we turn to whether or not the district court erred in granting summary judgment in Tomek's favor.

In a series of cases concerning professional negligence, we have held that a plaintiff cannot separate a cause of action which arises primarily out of the professional's alleged negligence and label it something else in hopes of creating a different theory of recovery for the same act of negligence in order to receive the benefit of a longer statute of limitations than the statute of limitations for professional negligence allows. Merely because a cause of action is couched in terms of a cause of action other than negligence does not make it so.

In *Schendt v. Dewey*, 246 Neb. 573, 520 N.W.2d 541 (1994), we found that even though Schendt grounded her second cause of action in terms of fraud, it remained one of medical malpractice. " '[P]rofessional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is "malpractice" and comes within the professional or malpractice statute of limitations.' " *Id.* at 581, 520 N.W.2d at 548, quoting *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982). Indeed, we found in *Schendt* that "[f]raudulent representations by a physician as to previous negligence . . . do not convert the cause of action from one of malpractice to one of deceit." 246 Neb. at 581, 520 N.W.2d at 548.

In *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 704, 523 N.W.2d 27, 29 (1994), we "again refused to separate 'a single professional relationship into various parts and appl[y] to one part of that relationship the general fraud period of limitations . . . and to another part the malpractice period of limitations . . . .' " Quoting *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). See, also, *Olsen v. Richards*, 232 Neb. 298, 440 N.W.2d 463 (1989) (patient could not overcome the more restrictive 2-year statute of limitations which governs professional negligence by alleging that the physician committed ordinary negligence when the cause of action arose out of negligence that occurred during the patient's treatment); *Jones v. Malloy*, 226 Neb. 559, 412 N.W.2d 837 (1987) (patient could not escape the application of the professional negligence statute of limitations by suing the doctor for battery); *Stacey v. Pantano*, 177 Neb. 694, 131 N.W.2d 163 (1964) (patient could not sever her fraud claim from her negligence claim for statute of limitations purposes).

Although the aforementioned cases all hold that a negligence claim cannot be severed into a separate claim when the claim arises out of professional negligence for purposes of the statute of limitations, we find the reasoning in those cases applicable to the case now before us. Even though Gravel frames his cause of action as a breach of contract case, it arises out of Tomek's conduct as an attorney and, therefore, cannot be labeled as anything other than a professional negligence action.

While it is true that an attorney-client relationship rests in contract, see *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991), an attorney's alleged professional misconduct does not give rise to a breach of contract action, but, rather, gives rise to a professional negligence action. Gravel cannot, by framing his petition in such terms that appear to present a breach of contract action, escape the fact that what he alleges in his fourth amended petition indicates conduct that is within the purview of professional negligence.

"In order to recover in an action for legal malpractice, the plaintiff must allege and prove (1) a duty, (2) breach of that duty, (3) proximate cause, and (4) resulting damage." *Earth Science Labs. v. Adkins & Wondra, P.C.*, 246 Neb. 798, 801,

523 N.W.2d 254, 257 (1994). See *Stansbery v. Schroeder,* 226 Neb. 492, 412 N.W.2d 447 (1987). A lawyer's duty is to his or her client and does not extend to third parties absent some facts which establish a duty. See *Earth Science Labs., supra*; *St. Paul Fire & Marine Ins. Co., supra*; *McVaney, supra*.

Arguably, Schmidt as personal representative is Tomek's client, not Gravel. However, even assuming, without deciding, that Tomek owed a duty as an attorney to Gravel, Gravel has failed to allege and prove that Tomek acted negligently in relying on SMR's information that Helen Gravel had 20,000 shares in her SMR account or that Tomek negligently calculated the amount of money to be received from those shares. Indeed, Tim Gravel does not even allege that the amount in the SMR account was not accurate or that Tomek's calculations were wrong. Gravel alleges in his fourth amended petition that Tomek assured him he would receive a certain amount of money and that Gravel did not receive that amount, but he does not allege that any negligence on Tomek's part proximately caused the diminution of the amount Gravel was to inherit.

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the moving party is entitled to judgment as a matter of law. *Howard v. State Farm Mut. Auto. Ins. Co.*, 242 Neb. 624, 496 N.W.2d 862 (1993). After the moving party has shown facts entitling it to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Double K, Inc. v. Scottsdale Ins. Co.*, 245 Neb. 712, 515 N.W.2d 416 (1994); *Dalton Buick v. Universal Underwriters Ins. Co.*, 245 Neb. 282, 512 N.W.2d 633 (1994); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994).

Tomek presented evidence, in the form of his affidavit, as to the number of shares SMR told him Helen Gravel had in her account with SMR and as to his calculations regarding the money available from those shares. That evidence remains uncontroverted as true by Tim Gravel. Gravel does not present any evidence suggesting, nor does Gravel even allege, that

Tomek was negligent either in relying on the information from SMR or on Tomek's calculations. Tomek produced evidence demonstrating that no genuine issue of material fact existed, and since that evidence remained uncontroverted by Gravel, Tomek was entitled to judgment as a matter of law. Therefore, we hold that the district court properly granted Tomek's motion for summary judgment.

AFFIRMED.

LANPHIER, J., not participating.