WALTER L. KUSKIE, DOING BUSINESS AS WALT KUSKIE CONSTRUCTION, APPELLANT, AND LINDA L. KUSKIE, APPELLEE, V. ADAMS BANK & TRUST OF MADRID, A NEBRASKA BANKING CORPORATION, APPELLEE.

531 N.W.2d 921

Filed May 19, 1995. No. S-93-784.

Blaine T. Gillett, of Ruff, Nisley & Lindemeier, for appellant and for appellee Linda L. Kuskie.

Kelly Michael Hogan, of Neil E. Williams & Assoc., P.C., for appellee Adams Bank & Trust.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

FAHRNBRUCH, J.

This lawsuit brought by the plaintiffs, Walter L. Kuskie, doing business as Walt Kuskie Construction, and Linda L. Kuskie, against Adams Bank & Trust of Madrid, Nebraska (Bank), was dismissed by summary judgment under the doctrine of res judicata at the district court level.

We affirm the ruling of the district court for Perkins County as to plaintiff Walter Kuskie. We remand the cause for further proceedings as to the plaintiff Linda Kuskie.

Walter Kuskie originally appealed the trial court's dismissal of the lawsuit to the Nebraska Court of Appeals. Pursuant to our authority to regulate the caseloads of the appellate courts, this case was removed from the Court of Appeals' docket to this court's docket.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Jim's, Inc. v. Willman*, 247 Neb. 430, 527 N.W.2d 626 (1995); *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose

that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Jim's, Inc. v. Willman, supra*; *Gravel v. Schmidt, supra*.

## FACTS

Viewing the evidence in a light most favorable to Walter Kuskie and giving him the benefit of all reasonable inferences deducible from the evidence, the facts of this case are as follows:

On September 19, 1989, Walter and Linda Kuskie filed this action against the Bank, alleging fraudulent inducement on the part of the Bank in the Kuskies' execution of a promissory note and trust deed in the Bank's favor.

In February 1984, Walter Kuskie had begun constructing a home for Joseph Vak and his wife. A dispute arose between Kuskie and the Vaks concerning the Vaks' alleged failure to make timely payments due Kuskie for the project. As a result, Kuskie pulled off the job. At the time, both the Kuskies and the Vaks were customers of Security State Bank, predecessor in interest of Adams Bank & Trust of Madrid. The Kuskies owed the Bank approximately $50,000 on a loan secured by a mortgage on their home and security interests on Kuskie's construction equipment.

Kuskie claimed he returned to work on the Vak project on the oral assurances of John Kreuscher, president of the Bank, that Kreuscher would see that Kuskie got paid for the project. In order to complete the Vak home, the Kuskies borrowed more than $40,000 from the Bank. Kuskie claimed that when the Vak project was completed, the Vaks refused to pay Kuskie, and that Kreuscher advised the Kuskies not to sue the Vaks for payment.

The Kuskies alleged that the Bank failed and refused to see that Kuskie was paid for completing the Vak project and that instead the Bank offered to refinance the construction loans with other debt owed by the Kuskies to the Bank. The Kuskies also alleged that they agreed to the refinancing plan because of an oral promise made by a vice president of the Bank to release the Bank's lien on Kuskie's construction equipment. The Kuskies alleged in their petition that the Bank induced them to execute

a promissory note and trust deed in favor of the bank in reliance upon the Bank's oral assurances. The Kuskies alleged that the Bank did not release its liens on the construction equipment.

When the Kuskies defaulted on their loan and deed of trust, the Bank began procedures to sell the Kuskies' home.

In their petition, the Kuskies asked the district court to (1) cancel a sale of their residence; (2) cancel the debt they alleged was fraudulently obtained for the construction project and all accumulated interest, including any interest already paid; (3) cancel the deed of trust in regard to the alleged loan; (4) reinstate the payment schedule existing prior to March 8, 1985, for the balance of the Kuskies' debt to the Bank; and (5) grant the Kuskies the costs of this action.

On October 2, 1989, Kuskie filed, individually without Linda, a chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the District of Nebraska. That action was later converted to a chapter 11 bankruptcy and was completed as a chapter 7 bankruptcy. On October 31, 1990, Kuskie was granted a discharge in bankruptcy.

On July 30, 1990, Kuskie filed an adversary complaint in his bankruptcy action. There, he alleged that he was fraudulently induced into the execution of a promissory note and trust deed by the Bank. In the state court petition, the Kuskies had alleged that they borrowed over $40,000 for Kuskie to complete the Vak residence. In the federal court, Kuskie claimed he borrowed over $19,000. In his federal complaint, Kuskie requested that the bankruptcy court cancel all debt fraudulently obtained by the Bank, as well as accumulated interest and the Bank lien on Kuskie's construction equipment and vehicles.

On June 4, 1991, the adversary proceeding was withdrawn from the bankruptcy court and transferred to the U.S. District Court for the District of Nebraska. On September 27, Kuskie orally requested in open court that his proceeding against the Bank be dismissed. On December 2, the U.S. District Court dismissed Kuskie's case with prejudice.

On July 27, 1993, the Bank filed a motion for summary judgment in the district court for Perkins County, seeking dismissal of the Kuskies' lawsuit. The Bank claimed that the instant action was barred under the doctrine of res judicata,

since the claim raised by Kuskie in the instant action was asserted in the U.S. District Court and was dismissed with prejudice.

On August 9, 1993, the trial court found, as a matter of law, that under the doctrine of res judicata the dismissal with prejudice of the U.S. District Court action bars Kuskie from relitigating the same issues in the state court.

Kuskie appealed to the Nebraska Court of Appeals. Linda Kuskie did not join Walter Kuskie as an appellant in this appeal, but under Neb. Ct. R. of Prac. 1C (rev. 1992) she is considered an appellee.

## ASSIGNMENTS OF ERROR

Summarized and restated, Walter Kuskie's claims are that the trial court erred in finding that Kuskie was barred by the doctrine of res judicata from pursuing this action and in awarding summary judgment in favor of the Bank.

## ANALYSIS

Kuskie claims that the trial court erred by finding that this state action was barred by res judicata. The record reflects that both the state and federal lawsuits were based upon the same transaction. Kuskie alleged in both actions that he was fraudulently induced by Bank officers to enter into a secured transaction with the Bank, the Bank president said that the Bank would make certain that payments due Kuskie under a construction contract with another Bank customer would be made, and a Bank vice president said the Bank would release a preexisting lien upon Kuskie's construction equipment.

The doctrine of res judicata bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in an earlier proceeding, *Hangman v. Bruening*, 247 Neb. 769, 530 N.W.2d 247 (1995), and *Dakota Title v. World-Wide Steel Sys.*, 238 Neb. 519, 471 N.W.2d 430 (1991), if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions, *Hangman v. Bruening, supra*, and *Wicker v. Vogel*, 246 Neb. 601, 521 N.W.2d 907 (1994).

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994); *Schieffer v. Catholic Archdiocese of Omaha*, 244 Neb. 715, 508 N.W.2d 907 (1993). The doctrine of res judicata rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994).

Here, the record reflects that Kuskie's adversary complaint was ultimately dismissed with prejudice by the U.S. District Court for the District of Nebraska, a court of competent jurisdiction. That federal judgment was final and a judgment on the merits of the case. In *Simpson v. City of North Platte*, 215 Neb. 351, 338 N.W.2d 450 (1983), this court held that as a general rule, a dismissal with prejudice is an adjudication on the merits. See, also, *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498 (11th Cir. 1990), and *Red River Coal Co., Inc. v. Manning Coal Corp.*, 780 F. Supp. 378 (W.D. Va. 1991), holding that pursuant to Fed. R. Civ. P. 41(a), dismissal of an action with prejudice is a final adjudication on the merits, and that the terms "with prejudice" and "on the merits" are synonymous for res judicata purposes. In *Simpson*, this court found that the dismissal with prejudice of the action in federal court was tantamount to a judgment on the merits in favor of the defendants, which judgment was res judicata as to Simpson's state lawsuit. A judgment of dismissal on the merits operates to preclude subsequent relitigation of the same cause of action. *Id.*

In this case, the record shows that the U.S. District Court ordered Kuskie's federal adversary proceeding against the Bank dismissed with prejudice following an oral motion to dismiss by Kuskie. The record does not reflect any direct evidence as to whether Kuskie requested that the federal proceeding be dismissed with or without prejudice. The federal rules do, however, provide a method to object to U.S. District Court judgments.

Fed. R. Civ. P. 59(e) provides that one may file a motion to

alter or amend a judgment not later than 10 days after the entry of the judgment. Kuskie's attorney stated during oral argument that his client did not file any objection to the judgment. Kuskie's failure to do so indicates that he had no objection to the dismissal with prejudice of his federal lawsuit. Thus, the federal court's dismissal of Kuskie's lawsuit with prejudice may be considered as an adjudication on the merits.

Finally, the Bank and Kuskie were parties to the federal action as well as the state action.

## CONCLUSION

Construing the evidence in a light most favorable to Kuskie and giving Kuskie the benefit of all reasonable inferences, we find that the doctrine of res judicata bars Walter L. Kuskie, doing business as Walt Kuskie Construction, from prosecuting his action in state court and that the Bank is entitled to judgment as a matter of law. We affirm the trial court's order of summary judgment as to Walter Kuskie. Our review of the record fails to reveal the district court's disposition of this cause of action as to Linda Kuskie. Because Linda Kuskie was not a party to the federal proceedings, any cause of action remaining as to her is remanded to the district court for further proceedings.

AFFIRMED IN PART, AND IN PART REMANDED
FOR FURTHER PROCEEDINGS.