ELVIN D. KROHN AND PHYLLIS J. KROHN, APPELLANTS, V.
RANDY R. GARDNER, APPELLEE, AND FARM BUREAU INSURANCE
COMPANY OF NEBRASKA, GARNISHEE-APPELLEE.

533 N.W.2d 95

Filed June 9, 1995.   No. S-94-148.

Terry K. Gutierrez, of Schmid, Mooney & Frederick, P.C., for appellants.

John W. Iliff, of Gross & Welch, P.C., for garnishee-appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and CORRIGAN, D.J.

WHITE, C.J.

Elvin D. and Phyllis J. Krohn appeal from an order of the

district court sustaining Farm Bureau Insurance Company of Nebraska's motion for summary judgment. The Krohns' garnishment proceedings in aid of execution against Farm Bureau were dismissed on the basis that the Krohns were not the real parties in interest.

The Krohns and Randy R. Gardner were involved in an automobile accident in October 1983. The Krohns obtained judgments against Gardner in the amount of $25,000 each. Farm Bureau, with whom Gardner claimed he was insured, denied coverage to Gardner, stating that the required payment for adding Gardner's car onto an existing policy was not timely received.

Gardner filed a declaratory judgment action against Farm Bureau in the district court for Pierce County to determine whether Gardner was covered under the policy in existence at the time of the accident. Gardner and Farm Bureau stipulated that no coverage existed, and the district court dismissed the action. The Krohns made claim from Farm Bureau, but Farm Bureau refused to pay the Krohns, maintaining that the automobile operated by Gardner was not an insured vehicle.

The Krohns then filed suit against their own insurance company, Farmer's Union Co-op, to collect under their automobile policy's uninsured motorist provision. In exchange for dismissal of the Krohns' suit against it, Farmer's Union agreed to pursue Gardner and Farm Bureau on behalf of the Krohns to recover payment. If unsuccessful, Farmer's Union agreed to pay the Krohns $15,000 each pursuant to the uninsured motorist provision in Krohns' automobile policy, less $2,977.05 paid by Farmer's Union for medical expenses.

Farmer's Union, in the Krohns' name, instituted garnishment proceedings against Gardner and Farm Bureau. The cases were consolidated. Farm Bureau requested summary judgment, arguing that the judgment in Gardner v. Farm Bureau, Pierce County District Court, case No. 6331, was res judicata regarding the issue of the existence of coverage in this case. This court in *Krohn v. Gardner*, 238 Neb. 460, 471 N.W.2d 391 (1991), decided that the Krohns were not bound by the results of the declaratory judgment action to which they were not parties. The judgment was reversed and the cause remanded for

a new trial.

On remand, Farm Bureau again filed a motion for summary judgment, arguing that the Krohns are not the real parties in interest in this case because they assigned all rights to pursue this case to their insurer, Farmer's Union. The district court agreed and dismissed the Krohns' garnishment proceedings. The Krohns now appeal. The Krohns contend that the district court erred in finding that they are not the real parties in interest to pursue these garnishment proceedings and in granting Farm Bureau's motion for summary judgment.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995). See, *Heath Consultants v. Precision Instruments*, 247 Neb. 267, 527 N.W.2d 596 (1995); *Huntwork v. Voss*, 247 Neb. 184, 525 N.W.2d 632 (1995). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Gravel, supra*. See, *Huntwork, supra*; *New Light Co. v. Wells Fargo Alarm Servs.*, 247 Neb. 57, 525 N.W.2d 25 (1994).

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the moving party is entitled to judgment as a matter of law. *Gravel, supra*; *Schlake v. Jacobsen*, 246 Neb. 921, 524 N.W.2d 316 (1994); *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994). After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Gravel, supra*. See, *Schlake, supra*; *In re Estate of Wagner, supra*.

Farm Bureau argues that the Krohns assigned to Farmer's

Union their rights to sue Farm Bureau by executing a settlement agreement with Farmer's Union. The agreement provided that in return for the Krohns' dismissing with prejudice the action filed by the Krohns against Farmer's Union, (1) Farmer's Union would provide legal counsel to enforce judgment against Farm Bureau; (2) Farmer's Union would be responsible for all attorney fees, regardless of the outcome of the garnishment action; (3) Farmer's Union would have authority to act on the Krohns' behalf; (4) Farmer's Union would have the option to appeal any decision made by a court with regard to the garnishment action; (5) in the event of a final judicial determination in favor of Farm Bureau, Farmer's Union would make full payment of its uninsured motorists limits ($30,000) with an offset of its subrogation interest for medical payments of $2,977.05; and (6) in the event of a final judicial determination against Farm Bureau, the $2,977.05 would be offset against whatever amount the Krohns recover from Farm Bureau.

An assignment is a transfer vesting in the assignee all of the assignor's rights in the property which is the subject of the assignment. *Ehlers v. Perry*, 242 Neb. 208, 494 N.W.2d 325 (1993). Subrogation is the substitution of a subrogee, who is not a volunteer, for a subrogor as a result of the subrogee's payment of a debt owed to the subrogor so that the subrogee succeeds to the subrogor's right to recover the amount paid by the subrogee. *Id*. To be entitled to subrogation, one must pay the debt for which another is liable. *Id*.

We set forth the distinction between an assignment and subrogation in *Milbank Ins. Co. v. Henry*, 232 Neb. 418, 420–21, 441 N.W.2d 143, 145 (1989), where we stated that

"[s]ubrogation involves the substitution of an insurer by operation of law to the rights of the insured because of the insurer's pre–existing duty to pay the insured for the loss. In contrast, an assignment involves a transfer of a legal claim from an injured party to a volunteer who was under no pre–existing duty to compensate the injured party. Moreover, under subrogation an insurer's recovery is limited to the amount paid to the insured, whereas there is no such limitation on an assignee's recovery. . . ."

A search of the record in the case now before us indicates that Farmer's Union, the Krohns' insurer, never paid the Krohns pursuant to the uninsured motorist provision of the Krohns' automobile policy. Indeed, the agreement between the Krohns and Farmer's Union specifically states that the Krohns *will receive* part of their payment under the uninsured motorist provision *if* Farm Bureau prevails in the garnishment action. Farmer's Union never paid the Krohns, and thus this case is not one based on subrogation. Furthermore, if Gardner was not uninsured as Farmer's Union argues, Farmer's Union had no preexisting duty to pay the Krohns under the uninsured motorist provision.

The intention of an assignor must be to transfer a present interest in a debt or fund or subject matter; if this intent is clearly expressed, the transaction is an assignment. *Tilden v. Beckmann*, 203 Neb. 293, 278 N.W.2d 581 (1979).

"Every action must be prosecuted in the name of the real party in interest . . . ." Neb. Rev. Stat. § 25–301 (Reissue 1989). "The assignee of a thing in action may maintain an action thereon in his own name and behalf, without the name of the assignor." Neb. Rev. Stat. § 25–302 (Reissue 1989). The assignee of a chose in action is the proper and only party who can maintain the suit thereon. *Crum v. Stanley*, 55 Neb. 351, 75 N.W. 851 (1898).

The agreement, in its strict sense, is nothing more than an undertaking by Farmer's Union to supply counsel and costs in the Krohns' attempt to secure payment of their judgments. No right of action is assigned to Farmer's Union. The presence of an agreement to pay the Krohns under the uninsured motorist provision does nothing more than restate the promise of payment present in the Krohns' policy of insurance. The Krohns are the real parties in interest. As such, the decision of the district court was incorrect, and the judgment must be reversed and the cause remanded for trial.

REVERSED AND REMANDED WITH DIRECTIONS.