486

SANITARY AND IMPROVEMENT DISTRICT NO. 57 OF DOUGLAS COUNTY, NEBRASKA, A CORPORATION, ET AL., APPELLANTS, V. CITY OF ELKHORN, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.
IN RE SANITARY AND IMPROVEMENT DISTRICT NO. 157 OF DOUGLAS COUNTY, NEBRASKA.
SANITARY AND IMPROVEMENT DISTRICT NO. 157 OF DOUGLAS COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, AND CITY OF ELKHORN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEES AND CROSS-APPELLANTS, V. SANITARY AND IMPROVEMENT DISTRICT NO. 57 OF DOUGLAS COUNTY, NEBRASKA, A CORPORATION, ET AL., APPELLANTS AND CROSS-APPELLEES.
SANITARY AND IMPROVEMENT DISTRICT NO. 57 OF DOUGLAS COUNTY, NEBRASKA, A CORPORATION, ET AL., APPELLANTS, V. CITY OF ELKHORN, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

536 N.W.2d 56

Filed August 18, 1995. Nos. S-94-869, S-94-983, S-94-995.

Appeal from the District Court for Douglas County: JOSEPH S. TROIA, JAMES M. MURPHY, JOHN D. HARTIGAN, and LAWRENCE J. CORRIGAN, Judges. Affirmed.

Thomas J. Guilfoyle, of Frost, Meyers, Guilfoyle & Govier, for appellants.

Malcolm D. Young and Jeff C. Miller, of Young & White, and Robert T. Peterson for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WHITE, C.J.

Sanitary and Improvement District No. 57 (Chapel Hill) et al. and various others filed three separate actions, which are consolidated herein, to enjoin the total annexation of the Chapel Hill community and the partial annexation of Sanitary and Improvement District No. 157 (Skyline Ranches) by the City of Elkhorn (City). The cases—*SID No. 57 v. City of Elkhorn* (S-94-995 (*SID 1*)), *SID No. 57 v. City of Elkhorn* (S-94-869 (*SID 2*)), and *In re SID No. 157* (S-94-983 (*SID 3*))—challenge the validity of the City's annexation by arguing generally (1) that any attempted annexation was invalid because the City's council was elected improperly and (2) that the City was motivated to annex Chapel Hill and Skyline Ranches solely to increase revenue. Specifically, in *SID 1*, Chapel Hill and others challenge the district court's determination to grant summary judgment in favor of the City; in *SID 2*, Chapel Hill and others challenge the district court's determination to grant a demurrer in favor of the City; and in *SID 3*, Chapel Hill and others

challenge the validity of the partial annexation of Skyline Ranches. In each case, we affirm.

As a preliminary matter, we consider Chapel Hill's contentions that the City's council was illegitimate under Nebraska law and that the council acted to annex Chapel Hill and Skyline Ranches solely to increase revenue.

In each of the three cases, Chapel Hill contends that any annexation ordinance passed by the City's council is void because the council was not elected properly. Chapel Hill maintains that the council was not elected by wards as required by Neb. Rev. Stat. §§ 17-102 and 17-104 (Reissue 1991), but instead by the constituents of the City on an at-large basis.

Assuming, without deciding, that the City's council was elected improperly, the council members nevertheless remain de facto public officers. A de facto public officer is a person who exercises the duties of a public office under the color of a known public election which was void because of ineligibility or some defect or irregularity in the election. *Prucka v. Eastern Sarpy Drainage Dist.*, 157 Neb. 284, 59 N.W.2d 761 (1953). Furthermore, the acts of a de facto public officer are valid and binding as if performed by a duly elected public officer whose title is beyond dispute. *ConAgra, Inc. v. Cargill, Inc.*, 223 Neb. 92, 388 N.W.2d 458 (1986); *State v. Birdwell*, 188 Neb. 116, 195 N.W.2d 502 (1972). See, *State ex rel. Weiner v. Hans*, 174 Neb. 612, 119 N.W.2d 72 (1963); *State v. Kidder*, 169 Neb. 181, 98 N.W.2d 800 (1959). Additionally, in Nebraska, the general rule is that the title to an office can be litigated only in a proceeding brought directly for that purpose and cannot be determined by a collateral attack in another proceeding. *Atkins v. Department of Motor Vehicles*, 192 Neb. 791, 224 N.W.2d 535 (1974); *State ex rel. Weiner, supra*. See *Birdwell, supra*.

Chapel Hill asks this court to declare any annexation ordinance passed by the City's council to be void on the grounds that such an ordinance is the product of improperly elected officials. However, Chapel Hill raised its contention in the context of a challenge to the legality of land annexation. Thus, Chapel Hill's assertion that the council was elected improperly cannot be determined in this proceeding because such an assertion is a collateral attack. Therefore, Chapel Hill's

contention is without merit because this court, in this proceeding, will not permit Chapel Hill to mount a collateral attack on the propriety of the election that brought the City's council members to their jobs in order to invalidate annexation ordinances the council passed.

Next, Chapel Hill contends that the City undertook the annexation of Chapel Hill and a part of Skyline Ranches solely to increase revenue. It is true that a municipality cannot annex property for revenue purposes only. *S.I.D. No. 95 v. City of Omaha*, 221 Neb. 272, 376 N.W.2d 767 (1985). See, *United States v. City of Bellevue, Nebraska*, 334 F. Supp. 881 (D. Neb. 1971), *aff'd* 474 F.2d 473 (8th Cir. 1973), *cert. denied* 414 U.S. 827; *Witham v. City of Lincoln*, 125 Neb. 366, 250 N.W. 247 (1933). However, it is likewise true that the evidence in this case does not support that claim. By annexing Chapel Hill and a part of Skyline Ranches, the City assumed the obligation for all of their liabilities. No doubt the City considered seriously the question of revenue because under the annexation plan, the City assumed the responsibility of providing all necessary improvements and services to Chapel Hill and Skyline Ranches. Prudent annexation planning compels the City to consider any revenue to be engendered by an annexation, in light of the liabilities to be incurred. To suggest that the City acted unlawfully by considering the revenues that would result from an annexation is to fail to recognize that the City would incur substantial obligations to Chapel Hill and Skyline Ranches as a result of an annexation. Therefore, Chapel Hill's contention that the City annexed all of Chapel Hill and a part of Skyline Ranches solely for revenue purposes is without merit.

In *SID 1*, the district court's decision to sustain the City's motion for summary judgment and to overrule the appellants' motion for summary judgment is appealed. Appellants (Chapel Hill, Billy D. Duncan, and Timothy V. Grove) assigned five errors, which may be consolidated into two. Appellants contend that the district court erred (1) in determining that land annexed by the City met the statutory contiguity requirement and (2) in failing to grant appellants' motion for summary judgment. We affirm.

The record contains the following facts: On August 10, 1993,

the City's council approved ordinance No. 280. The ordinance called for the annexation of the Chapel Hill community. Prior to the passage of the ordinance, Chapel Hill shared a common border with the City via the Elkhorn school district's Skyline Elementary School. The school is connected to the City by a strip of land surrounding and including Highway 31. The common border had existed since March 1984.

During early 1984, the City's council had approved ordinance No. 208. That ordinance extended the City's corporate limits south along Highway 31 to Pacific Street and west along Roundup Circle and Corral Road up to and including Skyline Elementary School. This 1984 annexation included land within Skyline Ranches. As a result, the City and Skyline Ranches had entered into an agreement concerning a division of assets and liabilities and a change of boundaries. Following the agreement, the City and Skyline Ranches filed in Douglas County District Court an "Application Re Partial Annexation" as required by Neb. Rev. Stat. § 31-766 (Reissue 1993). On March 24, 1984, the district court entered a decree on partial annexation, which stated that the territory sought to be annexed by ordinance No. 208 had become a part of the City. No appeal was taken from that proceeding. Specifically, neither Chapel Hill nor Skyline Ranches contested the 1984 annexation, as they supported the annexation. The statute of limitations to control the annexation ran in the spring of 1985. Neb. Rev. Stat. § 18-1718 (Reissue 1991).

Concerning the 1993 ordinance (No. 280), the district court held hearings on April 14 and 21, 1994, to determine the disposition of the case, in light of competing summary judgment motions. The parties submitted evidence and agreed that no substantial issues of fact existed which required a trial.

On September 19, 1994, the district court entered an order sustaining the City's motion for summary judgment and overruling the appellants' motion. In so ruling, the court found that Chapel Hill was contiguous and adjacent to the City as a matter of law and had been annexed properly. The district court's determination is appealed.

Elkhorn is a city of the second class. See Neb. Rev. Stat. § 17-101 (Reissue 1991). Neb. Rev. Stat. § 17-405.01 (Reissue

1991), which grants cities of the second class the power to extend city limits, states:

> The mayor and council of any city of the second class or the chairman and members of the board of trustees of any village may by ordinance, except as provided in sections 13–1111 to 13–1118, and amendments thereto, at any time, include within the corporate limits of such city or village any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character, and in such direction as may be deemed proper. Such grant of power shall not be construed as conferring power to extend the limits of any municipality over any agricultural lands which are rural in character.

The annexation of land to cities and towns is a legislative function, and it is for their governing bodies to determine the facts which authorize the exercise of the power granted. *Johnson v. City of Hastings*, 241 Neb. 291, 488 N.W.2d 20 (1992); *Plumfield Nurseries, Inc. v. Dodge County*, 184 Neb. 346, 167 N.W.2d 560 (1969). The power delegated to municipal corporations to annex territory must be exercised in strict accord with the statute conferring such power, because a municipal corporation has no power to extend or change its boundaries other than as provided by constitutional enactment or as it is empowered by the Legislature by statute to do. *Johnson, supra*; *Doolittle v. County of Lincoln*, 191 Neb. 159, 214 N.W.2d 248 (1974); *Village of Niobrara v. Tichy*, 158 Neb. 517, 63 N.W.2d 867 (1954); *Wagner v. City of Omaha*, 156 Neb. 163, 55 N.W.2d 490 (1952).

The burden is on one who attacks an ordinance, valid on its face and enacted under lawful authority, to prove facts to establish its invalidity. *Swedlund v. City of Hastings*, 243 Neb. 607, 501 N.W.2d 302 (1993); *Johnson, supra*; *Bierschenk v. City of Omaha*, 178 Neb. 715, 135 N.W.2d 12 (1965).

The terms "contiguous" and "adjacent" are used synonymously and interchangeably, and if the territory sought to be annexed is not contiguous to the municipality, the proceedings are without legal effect. *Swedlund, supra*; *Johnson, supra*; *Tichy, supra*.

To review a summary judgment, an appellate court views the

evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Krohn v. Gardner, ante* p. 210, 533 N.W.2d 95 (1995); *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995); *Huntwork v. Voss*, 247 Neb. 184, 525 N.W.2d 632 (1995); *New Light Co. v. Wells Fargo Alarm Servs.*, 247 Neb. 57, 525 N.W.2d 25 (1994). A summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Krohn, supra*; *Gravel, supra*; *Heath Consultants v. Precision Instruments*, 247 Neb. 267, 527 N.W.2d 596 (1995); *Huntwork, supra*. Thus, the question at issue in a summary judgment motion is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 523 N.W.2d 27 (1994); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994). With this in mind, we turn to whether the district court erred in granting summary judgment in favor of the City.

There is no dispute about the character of the land the City sought to annex: it is not rural land. Appellants' contention is that the City and Chapel Hill are not contiguous. Appellants rely on dicta from this court to assert reasons to reject the annexation. However, the piece of land connecting the City and Chapel Hill is not simply a means, i.e., an illegal corridor or strip annexation, cf. *Johnson, supra*, to annex Chapel Hill; the land had been a part of the City since 1984. Although the land connecting Chapel Hill and the City does have an armlike quality, appellants' knowledge of and acquiescence in the 1984 annexation process notified them that the City's expansion would permit the municipality to annex land contiguous to the new boundaries in the future.

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that if the evidence presented for summary judgment remains uncontroverted, the

moving party is entitled to judgment as a matter of law. *Krohn, supra*; *Gravel, supra*; *Schlake v. Jacobsen*, 246 Neb. 921, 524 N.W.2d 316 (1994); *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994).

After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Krohn, supra*; *Gravel, supra*; *Schlake, supra*; *In re Estate of Wagner, supra*. A summary judgment involves a judicial evaluation of evidence to determine whether an issue of material fact exists and, therefore, is a factual determination resulting in a disposition of the factual merits of a controversy. *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993).

There was no genuine issue of material fact to decide in this case. Under Nebraska law, a city of the second class can annex contiguous land. In the case at bar, the City is contiguous with Chapel Hill by virtue of an annexation conducted in 1984. A district court had countenanced the 1984 annexation; subsequently, that order went unchallenged and the statute of limitations ran. This court will neither disturb an unchallenged court order on which the statute of limitations has run nor accept new argumentation in opposition to a final judgment by a court of competent jurisdiction. See, *Kuskie v. Adams Bank & Trust of Madrid, ante* p. 18, 531 N.W.2d 921 (1995); *Hangman v. Bruening*, 247 Neb. 769, 530 N.W.2d 247 (1995). The City produced evidence demonstrating that it was contiguous to Chapel Hill. Appellants did not establish that that evidence was invalid; thus, the City's uncontroverted evidence entitled it to judgment as a matter of law. Accordingly, the district court did not err by granting the City's motion for summary judgment while overruling appellants' similar motion.

Next, in *SID 2*, the district court's decision to sustain the City's amended demurrer and to dismiss appellants' amended petition is appealed. Appellants (Chapel Hill, Duncan, Grove, and Helga Withem) assigned six errors, which may be consolidated into three. Appellants contend that the district court erred in determining (1) that three of the appellants had no standing to sue, (2) that the property to be annexed was

contiguous and adjacent to the City, and (3) that appellants did not allege facts sufficient to state a cause of action. We affirm.

The record contains the following facts: On March 8, 1994, the City's council passed ordinance No. 288. The ordinance called for the partial annexation of Skyline Ranches. The City had shared a common border with Skyline Ranches since March 1984. The corporate limits of the City also included land within Skyline Ranches—Skyline Elementary School and the road serving it.

All appellants are residents of Chapel Hill, a community adjacent to Skyline Ranches. Skyline Ranches was not a party to the suit.

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Calabro v. City of Omaha*, 247 Neb. 955, 531 N.W.2d 541 (1995); *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994); *First Nat. Bank in Morrill v. Union Ins. Co.*, 246 Neb. 636, 522 N.W.2d 168 (1994). If from the facts stated in the petition it appears that the plaintiff is entitled to any relief, a general demurrer will not lie. *Wheeler v. Nebraska State Bar Assn.*, 244 Neb. 786, 508 N.W.2d 917 (1993); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). However, an order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Gallion v. Woytassek*, 244 Neb. 15, 504 N.W.2d 76 (1993).

In the district court, pursuant to Neb. Rev. Stat. § 25-806 (Reissue 1989), the City contended (1) that the appellants lacked standing to sue, (2) that there was a defect of parties, (3) that the petition did not state facts sufficient to constitute a cause of action, and (4) that the court lacked jurisdiction.

Before a party is entitled to invoke a court's jurisdiction, that party must have standing to sue, which involves having some real interest in the cause of action; in other words, to have standing to sue, a plaintiff must have some legal or equitable

right, title, or interest in the subject matter of the controversy. The purpose of the inquiry is to determine whether the party has a legally protected interest or right in the controversy that would benefit by the relief to be granted. *City of Ralston v. Balka*, 247 Neb. 773, 530 N.W.2d 594 (1995).

In addition, a party seeking to restrain an act of a municipal body must show some special injury peculiar to himself aside from a general injury to the public. It is not sufficient that the party bringing the suit has merely a general interest common to all members of the public. *Nebraska Sch. Dist. No. 148 v. Lincoln Airport Auth.*, 220 Neb. 504, 371 N.W.2d 258 (1985). If such an action involves an illegal expenditure of public funds or an increase in the burden of taxation, the plaintiff must be a taxpayer of the governmental body. *Rexroad, Inc. v. S.I.D. No. 66*, 222 Neb. 618, 386 N.W.2d 433 (1986).

In this case, the district court found that three appellants, Chapel Hill, Duncan, and Grove, had no standing to contest the validity of the partial annexation of Skyline Ranches. We agree because neither the entity, Chapel Hill, nor the individuals, Duncan and Grove, are residents, property owners, taxpayers, or electors of Skyline Ranches. They therefore have no standing to claim that ordinance No. 288 is void and illegal. Thus, the district court did not err in granting the City's demurrer under § 25-806 because the interests of Chapel Hill, Duncan, and Grove as property owners and taxpayers of Chapel Hill were not jeopardized or affected directly when the City attempted a partial annexation of Skyline Ranches.

Although the fourth appellant, Withem, resides in Chapel Hill, she owns property located within Skyline Ranches. However, Withem did not contend that she suffered a special injury as a result of the City's partial annexation of Skyline Ranches. Instead, she petitioned the court for redress

> as (a) a duly qualified elector of both SID No. 57 and SID No. 157 and for and on behalf of all persons similarly situated; and (b) as an owner of real property located within SID No. 57 and within SID No. 157 and a taxpayer of SID No. 57 and a taxpayer of SID No. 157, for and on behalf of all persons similarly situated.

We have held that when a party does not allege a special

injury different from that suffered by the general public, but instead alleges that an action is brought on behalf of himself and all others similarly situated, the general allegation of his pleading disputes and forecloses any claim of special injury peculiar to the party aside from the general injury to the public. *Schroder v. City of Lincoln*, 155 Neb. 599, 52 N.W.2d 808 (1952).

A cause of action accrues when the aggrieved party has the right to institute and maintain suit. *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993). A cause of action consists of the fact or facts which give one a right to judicial relief against another. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). A theory of recovery is not itself a cause of action. *St. Paul Fire & Marine Ins. Co., supra*.

Although this court accepts the truth of facts well pled when reviewing an order sustaining a demurrer, Withem did not allege that she suffered a special or particular injury that would give rise to a right to judicial relief. Instead, she alleged the kind of general injury that this court has rejected previously. In addition, the character of the land to be annexed met the requirements of § 17-405.01 because, according to a 1984 district court order, the land was both urban and contiguous.

A statement of "facts sufficient to constitute a cause of action," as used in § 25-806(6), means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Carlson v. Metz, ante* p. 139, 532 N.W.2d 631 (1995); *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994); *Lawyers Title Ins. Corp. v. Hoffman*, 245 Neb. 507, 513 N.W.2d 521 (1994).

Thus, the district court did not err in granting the City's demurrer under § 25-806(6) because Withem did not demonstrate the existence of any special injury resulting from the City's partial annexation of Skyline Ranches. Under the circumstances, Withem presented no issue of liability to be adjudicated. Therefore, despite the fact that Withem owns property within Skyline Ranches, her claim is without merit because she presented no justiciable injury to herself.

Finally, neither Skyline Ranches nor any resident thereof was a party to this declaratory judgment action. Under Nebraska law, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ." Neb. Rev. Stat. § 25-21,159 (Reissue 1989). In addition, we have said that the presence of necessary parties is jurisdictional and cannot be waived, and if such persons are not made parties then the district court has no jurisdiction to determine the controversy. *Redick v. Peony Park,* 151 Neb. 442, 37 N.W.2d 801 (1949).

The residents of Skyline Ranches no doubt have an interest in the outcome of a declaratory judgment action seeking to enjoin the partial annexation of their sanitary and improvement district. Thus, appellants' claim that the district court erred by granting the demurrer is also without merit under § 25-806 because appellants' declaratory judgment action lacked the presence of a significant necessary party.

Next, in *SID 3,* both parties to the proceedings appealed. Appellants, Douglas County, Chapel Hill, Duncan, Grove, and Withem, assigned three errors, which may be consolidated into one. Appellants contend that the district court erred in determining that the partial annexation of Skyline Ranches was valid, fair, and reasonable.

For their part, the City and Skyline Ranches contend that the district court erred in permitting appellants to intervene in the proceedings concerning the partial annexation of Skyline Ranches. We affirm.

The record contains the following facts: On March 8, 1994, the City's council passed ordinance No. 288. The ordinance called for the partial annexation of Skyline Ranches. Following the passage of the ordinance, the City and Skyline Ranches agreed to terms concerning the annexation. Under the agreement, the City succeeded to all assets, contracts, property, and property rights belonging to Skyline Ranches and assumed liability for all debts, contracts, and obligations.

The City and Skyline Ranches presented their agreement to the district court for approval. During the proceedings on the agreement, the district court took judicial notice of the proceedings in *SID 2.* At the conclusion of the proceedings on

the agreement, the district court entered a decree on partial annexation, which determined (1) that a portion of Skyline Ranches had become a part of the City, (2) that the new boundaries of SID No. 157 consisted of the Skyline Ranches territory not annexed by the City, (3) that the agreement concerning the distribution of assets and liabilities was fair and reasonable, and (4) that the agreement was effective.

On September 23, appellants filed a motion for leave to intervene. On October 14, the district court issued an order allowing the parties leave to intervene so that they would "have an opportunity to participate in the case at the appellate level." However, the judge made a docket entry stating, "Intervenor's request to set aside final decree denied."

Appellants contend that the district court erred by authorizing partial annexation. Specifically, appellants contend that Nebraska law required the district court to conduct the proceedings according to Neb. Rev. Stat. § 31-765 (Reissue 1993), which provides in relevant part:

> The merger shall be effective thirty days after the effective date of the ordinance annexing the territory within the district; *Provided*, if the validity of the ordinance annexing the territory is challenged by a proceeding in a court of competent jurisdiction, the effective date of the merger shall be thirty days after the final determination of the validity of the ordinance.

(Emphasis in original.)

Appellants argue that under the provisions of § 31-765 the district court cannot make effective the City's partial annexation of Skyline Ranches until 30 days after all proceedings concerning the annexation end. Therefore, appellants maintain that the district court erred by ratifying the agreement on partial annexation while other proceedings involving the annexation were pending.

On the other hand, the City contends that a partial annexation is properly made effective under § 31-766 (Cum. Supp. 1994). The statute provides in relevant part:

> If only a part of the territory within any sanitary and improvement district . . . is annexed by a city . . . the sanitary and improvement district acting through its

trustees or administrator and the city . . . acting through its governing body may agree between themselves as to the division of the assets, liabilities, maintenance, or other obligations of the district for a change in the boundaries of the district so as to exclude the portion annexed by the city . . . or may agree upon a merger of the district with the city . . . . No agreement between the district and the city . . . shall be effective until submitted to and approved by the district court . . . . In every case such decree or order shall require a change of the district boundaries so as to exclude from the district that portion of the territory of the district which has been annexed. Such change of boundaries shall become effective on the date of entry of such decree. Only the district and the city . . . shall be necessary parties to such an action.

The City argues that the order of the district court was valid and final because the court complied with the provisions of § 31-766. Specifically, because ordinance No. 288 called for a partial annexation, and subsequently the City and Skyline Ranches agreed to a division of assets, the district court did not err in signing a decree of partial annexation.

This court has acknowledged a distinction between § 31-765 and § 31-766. In *Sanitary & Improvement Dist. v. City of Ralston*, 182 Neb. 63, 152 N.W.2d 111 (1967), a case involving an appeal from a summary judgment determination that the city of Ralston had conducted an invalid annexation of the Wildewood Addition, we stated that § 31-765 applies to an ordinance designed to annex "the [entire] territory," while § 31-766 applies to an ordinance designed to annex "only a part of the territory within any sanitary and improvement district . . . annexed by a city . . . ."

Furthermore, in *Abernathy v. City of Omaha*, 183 Neb. 660, 163 N.W.2d 579 (1968), a case questioning the validity and enforceability of the collection of a 5-mill levy by a sanitary and improvement district on property annexed by the city of Omaha, we stated that although § 31-766 must be construed in light of § 31-765 for the purpose of determining the expediency of a filing action, Neb. Rev. Stat. § 31-764 (Reissue 1993) and § 31-765 govern proceedings concerning the annexation of an

entire district, while § 31-766 governs proceedings concerning the annexation of a part of any sanitary and improvement district. Thus, as acknowledged in our previous decisions, § 31-766 is applied appropriately to annexations of less than an entire sanitary and improvement district. See, also, *Millard Rur. Fire Prot. Dist. No. 1 v. City of Omaha*, 226 Neb. 50, 409 N.W.2d 574 (1987); *City of Bellevue v. Eastern Sarpy County S. F. P. Dist.*, 180 Neb. 340, 143 N.W.2d 62 (1966).

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *George Rose & Sons v. Nebraska Dept. of Revenue, ante* p. 92, 532 N.W.2d 18 (1995); *Nebraska Life & Health Ins. Guar. Assn. v. Dobias*, 247 Neb. 900, 531 N.W.2d 217 (1995); *Rust v. Buckler*, 247 Neb. 852, 530 N.W.2d 630 (1995). Effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. *George Rose & Sons, supra*; *State ex rel. Perkins Cty. v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995); *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993).

Appellants did not contend that the partial annexation of Skyline Ranches by the City was invalid under § 31-766. Instead, they asked this court to superimpose the requirements of § 31-765 onto § 31-766. Such a request is without merit for two reasons. First, it ignores a distinction previously drawn by this court as to the kind of annexation proceedings to which §§ 31-765 and 31-766 apply. Second, it does not comport with the distinction the Legislature established in constructing §§ 31-765 and 31-766 separately.

Construing § 31-765 to the wishes of appellants permits § 31-765 to subsume § 31-766 and rob the latter of its independent meaning. We have recognized previously the distinction between the two. By recognizing such a distinction, we acknowledged that the Legislature created two different standards to process two different kinds of annexations. Although this court has construed § 31-766 in light of § 31-765 for the purpose of filing expediency, we refuse to extend the cross-applicability of § 31-765 entirely. We continue to

recognize that § 31–766 governs proceedings arising from partial annexations. Therefore, appellants' desired construction of § 31–765 is without merit.

As we apply these considerations to the events in the district court, it is clear that the court acted to ratify an agreement made between Skyline Ranches and the City according to the guidelines of § 31–766. As that was the applicable statute, the court did not err in so proceeding. Having determined that appellants' assignment of error is without merit, we need not consider the City and Skyline Ranches' cross–appeal.

AFFIRMED.

LANPHIER, J., not participating in the decision.
CONNOLLY, J., concurs in the result.