REQUESTED BY: Edward D. Wimes, Director, Nebraska Department of Motor Vehicles
QUESTION 1: Under Neb.Rev.Stat. 60-135, can separate odometer statements continue to be used by dealers?
ANSWER 1: The statute was designed to gradually implement having such statements appear on a single document: the title. Therefore, the statute does require dealers to give such statements using the single title forms.
QUESTION 2: Does the Federal Truth in Mileage Act of 1986 and its accompanying regulations (49 C.F.R. part 580) prohibit Nebraska from accepting separate odometer statements?
ANSWER 2: No.
QUESTION 3: Does the Federal Truth in Mileage Act of 1986 and its accompanying regulations (49 C.F.R. Part 580) prohibit Nebraska from accepting a secure power of attorney in cases when the title is not at the lienholder and merely unavailable?
ANSWER 3: In certain circumstances the State may accept a separate written power of attorney.
 DISCUSSION
By way of background, when a motor vehicle which is less than ten years old is being sold and a title transfer is to occur the state and federal laws require that an odometer statement be given. These statements are required "to provide purchasers of motor vehicles with odometer information to assist them in determining a vehicle's condition and value by making the disclosure of a vehicle's mileage a condition of title and by requiring lessees to disclose to their lessors the vehicle's mileage . . ." and to "preserve records that are needed for the proper investigation of possible violations of the Motor Vehicle Information and Cost Savings Act and any subsequent prosecutorial, adjudicative or other action." 49 C.F.R. 580.2.
At the outset, we point out that since this is a matter of statutory construction we must first determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary and popular sense. SID No. 57 v. City of Elkhorn, 248 Neb. 486,536 N.W.2d 56 (1995). With this in mind, we turn now to the language of the statute in question. Neb. Rev. Stat. § 60-135
provides in pertinent part:
 The statement required by section 60-134 shall be on a form prescribed by the Department of Motor Vehicles. Such statement shall be submitted with the application for certificate of title, and the new certificate of title in the name of the transferee shall have recorded thereon the mileage shown by such statement and a notation that the recorded mileage is actual, not actual, or in excess of the mechanical odometer limit. On and after January 1, 1989, the statement required by such section shall appear on the certificate of title. No certificate of title shall be issued unless the application is accompanied by such statement or unless the information required by such section appears on the certificate of title being submitted with the application.
Emphasis added. By way of reference, section 60-134 sets forth the requirements for what such statements must include and explains that such a statement is to be from the transferor of title and is to be given to the transferee. In the highlighted portion above we are told not only what the law will require as far as odometer statements are concerned. In addition, we are given a clear legislative intent. The purpose of this section is, in large part, to have the required statement appear on the certificate of title rather than on a separate unattached statement. This intention is clear and unambiguous. Furthermore, this intention must be kept in mind as the remainder of the language is examined. Once the statutory objective is identified, we must then apply a reasonable or liberal construction best achieving the statutes' purpose, rather than a construction that would defeat the purpose. Centra, Inc. v. Chandler Ins. Co.248 Neb. 844, 540 N.W.2d 318 (1995), cert. denied, 116 S.Ct. 1681
(1996).
It should be recognized that the statute does indeed allow for certificates of title to be issued if a statement accompanies the title. However, this allowance appears only intended for vehicle titles that overlap the new requirements that went into effect in January 1989, and the older requirements that allowed separate statements. Since not every vehicle with a title not containing the form for such statements would be sold by January 1989, some latitude had to be given so that the statements appearing on the title itself could be gradually implemented. Even so, by January 1999, the implementation process should have been complete.
At this juncture, ten years beyond the effectuation of the new requirements, there should no longer be any vehicles, that require a statement be given, that would have a statement separate from the title. Neb. Rev. Stat. § 60-134 requires "[t]he transferor of any motor vehicle of an age of less than ten years" provide the statement that is the subject of this inquiry. Since ten years have past, since the statute requires that statements be put on forms prescribed by the Department of Motor Vehicles, and since the statute requires such statements begin appearing on the title after January 1989, all statements that will be given from January 1999, forward should be on the title. Neb. Rev. Stat. § 60-135 (1998). For this reason, dealers should not continue using separate odometer statements. Neb. Rev. Stat. §60-135 clearly mandates that such statements must appear on the title and that the title must have a space provided for such statements.
Your second question asked whether the Federal Truth in Mileage Act of 1986 and its accompanying regulations (49 C.F.R. Part 580) prohibit Nebraska from accepting separate odometer statements? We are of the opinion it does not. The relevant statute provides in particular part:
 (b) Mileage statement requirement for licensing. — (1) A motor vehicle the ownership of which is transferred may not be licensed for use in a State unless the transferee, in submitting an application to a State for the title on which the license will be issued, includes with the application the transferor's title and, if that title contains the space referred to in paragraph (3)(A)(iii) of this subsection, a statement, signed and dated by the transferor, of the mileage disclosure required under subsection (a) of this section. This paragraph does not apply to a transfer of ownership of a motor vehicle that has not been licensed before the transfer.
49 U.S.C. § 32705. Emphasis added. This language clearly requires that the transferor's title be included and that a statement complying with part (3)(A)(iii) of the subsection be included with the application for title. However, only if the transferor's title contains the space for the disclosure statement will the State be compelled reject the use of separate forms. If the transferor's title does not contain a space for the disclosure the State can then accept the disclosure in a separate form.
The only exceptions to this rule would be in situations where either a lienholder is in possession of the title or where the title is a duplicate due to the transferor having lost the original. This second situation will be discussed in further detail in response to the third question you have raised. In these limited cases, the statute above prescribes a method using a written power of attorney by which vehicles can be licensed. Further, the Secretary of Transportation has the discretion to exempt classes or categories of vehicles from these requirements. However, no exceptions, which would be relevant here, could be detected.
Your last question is whether the Truth in Mileage Act of 1986 and its accompanying regulations prohibit Nebraska from accepting a secure power of attorney in cases when the title is not with the lienholder and merely unavailable. We are of the opinion that in certain circumstances the state may accept a separate written power of attorney. The relevant federal regulation states:
 If the transferor's title is physically held by a lienholder, or if the transferor to whom the title was issued by the State has lost his title and the transferee obtains a duplicate title on behalf of the transferor, and if otherwise permitted by State law, the transferor may give a power of attorney to his transferee for the purpose of mileage disclosure. The power of attorney shall be on a form issued by the State to the transferee that is set forth by a means of a secure printing process or other secure process and shall contain . . . a space for the information required to be disclosed . . .
49 C.F.R. § 580.13. This language appears to provide a clear answer to the question raised. If a title is unavailable, the transferee should obtain a duplicate title on behalf of the transferor. Then the transferor is permitted to make the necessary disclosure through a written power of attorney as directed by this regulation. When this process is followed the State could then accept the power of attorney instead of the statement included in the title as would otherwise be required.
Having rendered the foregoing opinions, we take this occasion to note that the State of Nebraska, Department of Motor Vehicles is under no obligation to follow federal directives concerning odometer statements. Simply put, the State is not subject to federal direction under the Federal Truth in Mileage Act.
The recent Supreme Court case of Printz v. U.S.,117 S.Ct. 2365 (1997), was a case where a federal law required local sheriffs to perform background checks before guns could be purchased. In striking down these requirements as unconstitutional invasions of state sovereignty, the Court made it clear such directives to state governments would not be permitted. If the federal government chooses to regulate odometer statements, they may well be entitled to do so under the commerce clause. Printz, however, makes it clear they cannot require a state government's employees/departments to enforce regulatory schemes for the federal government.
The Court made it clear in Printz that it will "sustain statutes [passed by the Congress] against a constitutional challenge only after assuring ourselves they did not require the States to enforce federal law." Id. at 2380. In the end the Court "never has sanctioned explicitly a federal command to the States to promulgate and enforce laws and regulations." Id. In summary, the federal government cannot force a state or its agencies to do their regulating for them.
Application of the accepted rules of statutory construction and of relevant case law support these conclusions. To conclude otherwise would necessitate either legislative clarification on a state and federal level or clarification from the courts.
Sincerely,
 DON STENBERG Attorney General
 Paul N. Potadle Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General